1   KEITH A. JACOBY, Bar No. 150233
    kjacoby@littler.com
2   LITTLER MENDELSON, P.C.
    2049 Century Park East, 5th Floor
3   Los Angeles, CA  90067.3107
    Telephone:   310.553.0308
4   Facsimile:    310.553.5583

5   GREGORY G. ISKANDER, Bar No. 200215
    giskander@littler.com
6   LITTLER MENDELSON, P.C.
    Treat Towers
7   1255 Treat Boulevard, Suite 600
    Walnut Creek, CA  94597
8   Telephone:   925.932.2468
    Facsimile:    925.946.9809
9
    SOPHIA BEHNIA, Bar No. 289318
10  sbehnia@littler.com
    PERRY K. MISKA, JR., Bar No. 299129
11  pmiska@littler.com
    LITTLER MENDELSON, P.C.
12  333 Bush Street, 34th Floor
    San Francisco, CA 94104
13  Telephone:   415.433.1940
    Facsimile:    415.399.8490
14
    Attorneys for Defendant
15  T-MOBILE USA, INC.

16                  UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18

19
    JESSE BLACK, individually, and on        Case No.
20  behalf of other members of the general   (Alameda County Superior Court
    public similarly situated,               Case No. RG17847705)
21
                      Plaintiff,             **DEFENDANT'S NOTICE TO FEDERAL**
22                                           **COURT OF REMOVAL OF CIVIL**
            v.                               **ACTION FROM STATE COURT**
23                                           **PURSUANT TO 28 U.S.C. SECTION**
    T-MOBILE USA, INC., a Delaware           **1332(D)(2) [CAFA]**
24  corporation; and DOES 1 through 10,
    inclusive,
25
                      Defendants.
26

27

28

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE TO FEDERAL COURT OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JESSE BLACK, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant T-MOBILE USA, INC. ("T-Mobile" or "Defendant") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California. This Removal is based on the original jurisdiction of the District Court over the parties under 28 U.S.C. sections 1332(d), and 1446.

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, Title 28, § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    PLEADINGS, PROCESS, AND ORDERS

2.    On January 31, 2017, Plaintiff Jesse Black ("Plaintiff") filed a Class Action Complaint against Defendant and various Doe defendants in Alameda County Superior Court: *Black v. T-Mobile, USA Inc., et al.,* Case No. RG17847705 (hereinafter, the "Complaint"). The Complaint asserts the following causes of action under the California Labor Code: 1) failure to pay overtime; 2) failure to pay all wages; 3) failure to provide meal periods; 4) failure to provide rest periods; 5) non-compliant wage statements and failure to maintain payroll records; 6) waiting time penalties; 7) failure to provide reporting time pay; 8) unlawful business practices in violation of California Business & Professions Code §§ 17200, *et seq.*; and 9) unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

3.    On February 7, 2017, Plaintiff served on Defendant, via its registered agent for service of process: (1) the Summons and Complaint; (2) a Civil Case Cover Sheet; (3) a Notice of

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

2.        NOTICE TO FEDERAL COURT OF REMOVAL

Hearing; and (4) an Alternative Dispute Resolution Information Packet.  True and correct copies of these documents, including exhibits, are attached hereto as Exhibit "A."

4.     On April 6, 2017, Defendant timely filed its Answer with the Superior Court, a true and correct copy of which is attached hereto as Exhibit "B."

5.     Attached hereto as Exhibit "C" are true and correct copies of all other filings in the Alameda County Superior Court to date.

6.     Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process, pleadings and orders served on Defendant or received by or filed by Defendant in this action.  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Alameda County Superior Court or served by any party.

7.     To Defendant's knowledge, no proceedings related hereto have been heard in Alameda County Superior Court.

### III.     <u>TIMELINESS OF REMOVAL</u>

8.     This Notice of Removal is timely filed within 30 days of July 13, 2017, the date Defendant received Plaintiff's complete verified response to Defendant's discovery requests and first became aware that this matter could be removed under CAFA.[1]  *See* 28 U.S.C. § 1446(b)(3) ("notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained that the case is one which is or has become removable"); 28 U.S.C. § 1446(c)(3)(A) (responses to discovery shall be treated as an "other paper" under 28 U.S.C. § 1446(b)(3)).

9.     Although this case was filed in January 2017 and Defendant answered in April 2017, the 30-day period to remove this case had not been triggered as Plaintiff had not specified an amount of damages sought in the Complaint or in any other document, or facts specific enough to put Defendant on notice of the amount in controversy.  To trigger the 30–day removal period, the facts supporting removal must be evident on the face of the complaint and notice of removability is

---

[1]  Alternatively, Defendant did not become aware of the factual basis supporting removal until July 10, 2017, which is when Plaintiff confirmed the factual basis for his discovery responses after meet and confer efforts by Defendant.

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

3.          NOTICE TO FEDERAL COURT OF REMOVAL

1  determined by the "four corners of the applicable pleadings, not through subjective knowledge or a

2  duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir.

3  2005); *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997); *Whitaker v. American*

4  *Telecasting, Inc.*, 261 F.3d 196, 206 (2nd Cir. 2001) (relevant test is what document said, not what

5  defendant purportedly knew).   Indeed, a defendant has no duty to investigate to determine the

6  jurisdictional facts even if the complaint contains "clues" to removability. *Harris*, 425 F.3d at 694;

7  *Lovern*, 121 F.3d at 162.

8         10.     The grounds for removal must be "unequivocally clear and certain" to start the 30–

9  day removal period running.   Where grounds for removal do not appear on the face of the initial

10  pleading, courts may look to "documents exchanged in the case by the parties to determine when the

11  defendant had notice of the grounds for removal." *See Lovern*, 121 F.3d at 161 (diversity of

12  citizenship disclosed in plaintiff's answers to interrogatories).   Notice may arise in discovery, *e.g.*, by

13  answers to interrogatories and requests for admissions.

14         11.     In this case, it was not possible to determine the amount Plaintiff and the putative

15  class were seeking in the Complaint, as the prayer for relief does not enumerate an amount sought in

16  damages.   Plaintiff's Complaint only seeks an unspecified amount "[f]or damages, unpaid wages,

17  penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000),

18  exclusive of interest and costs." (Compl., Prayer for Relief at ¶ 1.)

19         12.     It was not until July 10, 2017 that Defendant had any indication as to whether the

20  amount sought by Plaintiff and the purported class exceeded the $5,000,000 threshold for removal of

21  the action under the CAFA.   Indeed, the class was rather small (approximately 111 current and

22  former employees), thus it was not readily apparent, even after determining the class size, that

23  Plaintiff and the purported class were seeking in excess of $5,000,000.

24         13.     As such, Defendant requested clarification regarding the allegations in the Complaint

25  to determine the extent of Plaintiff's claim for "on-call" compensation and whether Plaintiff was

26  pursuing damages for every single minute he and the putative class spent "on call" during an "on

27  call" week (except for "call out" time, hours actually worked, and the $22.47 received per day

28  during the "on call" week), regardless if they were engaged in personal activities.

Littler Mendelson, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.        NOTICE TO FEDERAL COURT OF REMOVAL

14.     To this end, on April 12, 2017, Defendant served Request for Admission, Set One and Form Interrogatory—General, Set One to clarify this issue.   (Declaration of Sophia Behnia in Support of Notice of Removal of Civil Action to Federal Court ("Behnia Decl."), Exh. A.)  On June 6, 2017, Plaintiff served Defendant with his Responses to Defendant's Form Interrogatory – General, Set One and Request for Admission, Set One.  (*Id.*, Exh. B.)  However, Plaintiff did not properly respond to Defendant's discovery requests because Plaintiff merely restated the ambiguous language in his Complaint and failed to provide an unequivocal admission or denial or any facts supporting any qualified admission or denial, Defendant initiated the discovery meet and confer process to receive clarification on Plaintiff's claims. (*See id.* at ¶ 4)  On June 20, 2017, Defendant sent Plaintiff a letter requesting that Plaintiff properly respond to its discovery requests.   (*Id.*, Exh. C.)  On June 27, 2017, Plaintiff responded to Defendant's meet and confer letter purporting to clarify his discovery responses as they related to his "on call" claim. (*Id.*, Exh. D.)

15.     On July 10, 2017, during a meet and confer telephone call regarding Plaintiff's meet and confer letter, Plaintiff confirmed that he was seeking unpaid wages for every single minute he and the putative class spent "on call" during an "on call" week (except for "call out" time, hours actually worked, and the $22.47 received per day during the "on call" week), regardless if they were engaged in personal activities, such as sleeping. (Behnia Decl., ¶ 6, Exh. E.)  This meet and confer call confirmed that Plaintiff's unverified discovery responses would provide a sufficient basis to establish the threshold amount in controversy for CAFA removal.  Following Defendant's July 11, 2017 written confirmation of the factual basis established during the meet and confer call, Plaintiff provided a verified response to his discovery on July 13, 2017, thereby completing his discovery response. (*Id.*, ¶¶ 6-7, Exhs. E-F.)

16.     Accordingly, as Defendant was first put on notice that the class sought more than $5,000,000 in damages on July 13, 2017 (or no earlier than July 10, 2017) and that Defendant could not ascertain that this case was removable prior to July 13, 2017, this removal is timely as a matter of law, because it is being removed prior to August 13, 2017.

## IV.     CAFA JURISDICTION

17.     As set forth below, this Court has jurisdiction over this case under CAFA, 28 U.S.C.

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

5.          NOTICE TO FEDERAL COURT OF REMOVAL

§ 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official or other governmental entity; (3) there is diversity between at least one class member and the sole named and served Defendant; and (4) the total amount in controversy for all class members exceeds $5,000,000.

**A.    The Proposed Class Contains At Least 100 Members.**

18.    28 U.S.C. § 1332(d)(5)(B) sets forth that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." This requirement is met in the case at bar.

19.    As set forth in the Complaint, Plaintiff seeks to represent a class consisting of all California citizens employed by Defendant as non-exempt, hourly-paid Field Technicians or other functionally equivalent position. (Compl. at ¶ 13.) There are approximately one hundred and eleven (111) putative class members who meet Plaintiff's class definition in this case to date. (*See* Declaration of Latisha Moss in Support of Notice of Removal of Civil Action to Federal Court ("Moss Decl.") at ¶ 5.)

**B.    Defendant Is Not A Governmental Entity.**

20.    Under 28 U.S.C. § 1332(d)(5)(B), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

21.    Defendant is a corporation, not a state, state official or other government entity exempt from the CAFA. (Moss Decl. at ¶ 2.)

**C.    There Is Diversity Between At Least One Class Member And Defendant.**

22.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

6.    NOTICE TO FEDERAL COURT OF REMOVAL

23.     Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); see also *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).  Plaintiff alleges that at the time he commenced this action, he was a citizen of the State of California, residing in Oakland, California.  (Compl. at ¶¶ 3-4.)

24.     Conversely, Defendant is not a citizen of California.  For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of the State of Delaware with its principal place of business in Bellevue, Washington, where its corporate offices and headquarters, which house Defendant's executive and administrative functions, are located.  *See* Moss Decl. at ¶ 2; *Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").   Other administrative support functions of T-Mobile, including human resources, finance, legal, payroll, information technology and executive and administrative support, are also directed, controlled, and coordinated and conducted in Bellevue, Washington.  (*See* Moss Decl. at ¶ 2.)  Thus, Defendant is a citizen of the State of Delaware, where it is incorporated, and of the State of Washington, where it has its principal place of business.

25.     No other party has been named or served as of the date of this removal.  The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

26.     Accordingly, the named Plaintiff is a citizen of a state different from Defendant, and diversity exists for purposes of CAFA jurisdiction.  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

7.     NOTICE TO FEDERAL COURT OF REMOVAL

**D.     The Amount In Controversy Exceeds $5,000,000.[2]**

27.     This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000.  28 U.S.C. § 1332(d).  "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount.  28 U.S.C. § 1332(d)(6).

28.     The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  Plaintiff's Complaint is silent on the amount in controversy.  Under CAFA, where a complaint fails to state the amount in controversy, the defendant's notice of removal may do so.  *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 551 (2014).  The notice of removal need simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 554; *see also Ibarra v. Manheim Invests., Inc.*, 775 F. 3d 1193, 1195 (9th Cir. 2015) (same).  "[N]o antiremoval presumption attends cases invoking CAFA."  *Dart*, 135 S. Ct. at 554.

29.     Here, notwithstanding the above, the Complaint, Plaintiff's discovery response, as well as the Declaration of Latisha Moss, clearly demonstrate that the amount of controversy in this case exceeds $5,000,000.

30.     Plaintiff alleges a cause of action for a violation of the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq*.  (Compl. at ¶¶ 110-115.)  By alleging this UCL violation, Plaintiff intends to extend the statute of limitations on his Labor Code claims to four years.  *See* Cal. Bus. & Prof. Code § 17208.

31.     Plaintiff's average straight time rate of pay at the time his employment with Defendant terminated was $38.53.  (Moss Decl., ¶ 4.)  Plaintiff alleges that his claims are typical of all putative class members, and thus a similar rate of pay of at least $38.53 per hour can be assumed

---

[2] The alleged damages calculations contained herein are for purposes of removal only.  Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case, including the proffered methodology for such calculations.

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

8.          NOTICE TO FEDERAL COURT OF REMOVAL

1    for the putative class. (Compl. at ¶ 18(b).) Based on Plaintiff's average straight time rate, the
2    average overtime hourly rate is $57.80 per hour. Based on Plaintiff's straight time hourly rate, the
3    average doubletime hourly rate is $77.06 per hour.

4          32.    There are approximately 230 weeks from the start of the Putative Class Period
5    (January 31, 2013) to present.

6          33.    Through his first and second causes of action, Plaintiff seeks, in part, to recover
7    unpaid minimum wages and overtime for alleged off-the-clock work performed each week he and
8    the putative class were "on call" under Labor Code sections 510, 1182.12, 1194, 1197, 1197.1, and
9    1198. (Compl. at ¶¶ 39-53, 54-61; Behnia Decl., ¶¶ 5-6, Exhs. D-E.) While Plaintiff alleged that,
10   during "on call" weeks, he and the putative class were "on call" from Monday at 5 p.m. through the
11   following Monday at 7:59 p.m., it was not until further meet and confer efforts that Plaintiff clarified
12   that he was seeking minimum wages and overtime wages for every single minute he and putative
13   class members spent "on call" during an "on call" week, excluding $22.47 per day allegedly
14   received for being "on call" and any clocked hours actually spent working. (Compl. at ¶ 46; Behnia
15   Decl., ¶¶ 5-6, Exhs. D-E.)

16         34.    There are 159 hours in an "on call" week, i.e., between 5 p.m. on Monday and 7:59
17   a.m. the following Monday. Defendant has 8 divisions where at least one putative class member is
18   "on call" every week of the Putative Class Period. (Moss Decl., ¶ 6.) Putative class members work
19   their normally scheduled hours during the week they are "on call." (*Id.*)

20         35.    Assuming Plaintiff worked his scheduled shift from 8 a.m. to 5 p.m., Monday through
21   Friday, with a one hour meal period during each shift, Plaintiff worked 40 hours per week. (Moss
22   Decl. at ¶ 4.) As noted above, the "on call" week as pled begins at 5 p.m. on Monday (immediately
23   after Plaintiff's Monday shift ends) and ends at 7:59 a.m. the following Monday (right before
24   Plaintiff's Monday shift begins). (Compl. at ¶ 46.) Thus, only 32 of Plaintiff's scheduled hours fall
25   within the "on call" week timeframe, i.e., the "on call" week does not include Plaintiff's Monday
26   shift. However, Plaintiff also alleges that he worked upwards of 55 hours a week, which for the
27   purposes of these calculations results in 15 hours of overtime. (*Id.* at ¶ 4.) In addition, Plaintiff
28   alleges that he received an additional $22.47 per day for being "on call." (*Id.* at ¶ 46.) Finally,

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

                                          9.          NOTICE TO FEDERAL COURT OF REMOVAL

based on Plaintiff's wage statements, he spent on average 10.68 hours responding to calls (*i.e.*, "call out" hours) during an "on call" week. (Moss Decl., ¶ 4.)

36.     After deducting the hours Plaintiff was scheduled to work, 15 hours of overtime, his average "call out" hours, and "on call" pay, Plaintiff would have allegedly been owed $9,506.75 for each week he was "on call."[3]   Plaintiff alleges that his claims are typical of all putative class members, and thus a similar calculation can be assumed for the putative class. (*See* Compl. at ¶ 18(b).) Because at least one putative class member in each division was "on call" every week of the Putative Class Period, Plaintiff seeks to recover at least **$17,492,420** on this claim alone ($9,506.75 x 230 weeks x 8 divisions).

37.     Through his second cause of action, Plaintiff seeks to recover unpaid minimum wages for alleged off-the-clock work (in addition to merely being "on call") under Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and liquidated damages in an amount equal to the unpaid minimum wage under Labor Code section 1194.2. (Compl. at ¶¶ 54-61.) Assuming even one hour of unpaid wages for off-the-clock work each week, and not including overtime, Plaintiff seeks to recover at least $8,861.90 for each putative class member employed during the entire class period to date ($38.53 x 230 weeks). Approximately, 85 putative class members are currently employed by Defendant. (Moss Decl. at ¶ 5.) Assuming about half of the class could recover such unpaid wages, Plaintiff seeks to recover at least $372,199.80 ($8,861.90 x 42 individuals). Plaintiff's request for

---

[3] The calculations are as follows:

Assuming Plaintiff and the putative class are paid the following during an "on call" week: 32 scheduled hours paid at Plaintiff's average straight time rate of $38.53, equaling $1,232.96; 15 hours paid at Plaintiff's average overtime rate of $57.80, equaling $867; 10.68 "call out" hours at Plaintiff's average straight time rate of $38.53, equaling $411.50; $22.47 each day of the "on call" week, equaling $157.29, then the total average compensation paid to each putative class member per "on call" week is $2,668.75.

Assuming Plaintiff and the putative class begin the "on call" week after the Monday shift, the first 4 hours of the "on call" week is paid at Plaintiff's average hourly overtime rate of $57.80, equaling $231.20. The next 155 hours of the "on call week" would be paid at Plaintiff's average hourly doubletime rate of $77.06, equaling $11,944.30. Accordingly, the average gross "on call" compensation attributed to each putative class member per "on call" week is $12,175.50.

Thus, the amount Plaintiff and the putative class are allegedly owed each week is $9,506.75, derived from subtracting the total average compensation paid to Plaintiff and the putative class from the average gross "on call" compensation.

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

10.       NOTICE TO FEDERAL COURT OF REMOVAL

1 liquidated damages in an amount equal to the unpaid minimum wages the amount for this claim to

2 **$744,399.60**.

3     38.    Through his third cause of action, Plaintiff seeks to recover penalties under Labor

4 Code sections 226.7, 512(a), and 1198 for failing to authorize and permit meal periods, in the

5 amount of one hour at the regular rate of pay.  (Compl. at ¶¶ 62-71.)  Assuming even just one

6 violation per putative class member per week during the class period, Plaintiff seeks to recover at

7 least at least $8,861.90 for each putative class member employed during the entire class period to

8 date ($38.53 x 230 weeks).  Approximately, 85 putative class members are currently employed by

9 Defendant.  (Moss Decl. at ¶ 5.)  Assuming about half of the class could recover such meal period

10 penalties, Plaintiff seeks to recover at least **$372,199.80** ($8,861.90 x 42 individuals).

11     39.    Through his fourth cause of action, Plaintiff seeks to recover penalties under Labor

12 Code sections 226.7 and 1198 for failing to authorize and permit rest periods, in the amount of one

13 hour at the regular rate of pay.  (Compl. at ¶¶ 72-78.)  Assuming even just one violation per putative

14 class member per week during the class period, Plaintiff seeks to recover at least at least $8,861.90

15 for each putative class member employed during the entire class period to date ($38.53 x 230

16 weeks).  Approximately, 85 putative class members are currently employed by Defendant.  (Moss

17 Decl. at ¶ 5.)  Assuming about half of the class could recover such rest period penalties, Plaintiff

18 seeks to recover at least **$372,199.80** ($8,861.90 x 42 individuals).

19     40.    Through his fifth cause of action, Plaintiff seeks to recover penalties under Labor

20 Code section 226(a) for allegedly non-compliant wage statements.  (Compl. at ¶¶ 79-85.)  Plaintiff

21 alleges that every class member received inaccurate wage statements, resulting in penalties of $50

22 per pay period for the initial pay period and $100 for each subsequent pay period per employee, with

23 a maximum of $4,000 per employee. (*Id*.)  The statutory period for Labor Code section 226(e)

24 penalties is one year.  *See* California Code Civ. Proc. § 340(a).  Plaintiff and the putative class

25 members were paid biweekly.  (Moss Decl. at ¶ 4.)  Of the putative class members to date,

26 approximately 81 were employed during the entire statutory period.  (Id. at ¶ 5.) Assuming Plaintiff

27 will seek the maximum penalty for the putative class members who were employed during the entire

28 statutory period, Plaintiff seeks to recover **$206,550** (applicable statutory penalty x 26 pay periods x

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

11.    NOTICE TO FEDERAL COURT OF REMOVAL

81 individuals).

41.     Through his sixth cause of action, Plaintiff seeks to recover penalties under Labor Code section 203 for waiting time penalties for all former putative class members for failure to pay all wages at time of termination.  (Compl. at ¶¶ 86-90.)  The applicable statute of limitations for penalties under California Labor Code section 203 is three years and the four year limitations period under the California Unfair Competition Law does not apply.  *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389 (2010); *see also* Bus. & Prof. Code § 17203.  Plaintiff seeks to recover for himself and these putative class members up to thirty days of wages.  For each individual, this would amount to $9,247.20 ($38.53/hr x 8 hours x 30 days).   Approximately 23 putative class members were terminated (and not rehired) during the statutory period.  (Moss Decl., ¶ 5.)  Assuming Plaintiff will seek the maximum penalty for the putative class members who were terminated during the statutory period, Plaintiff seeks to recover at least **$212,685.60** ($9,247.20 x 23 individuals).

### 1.     Summary of Amount in Controversy

42.     Defendant denies that Plaintiff and the putative class are entitled to any relief. However, assuming Plaintiff's claims are true and even without assessing the amount in controversy with respect to Plaintiff's remaining claims for alleged violations of California Labor Code sections 1174(d) (for the alleged failure to maintain accurate payroll records), 510 and 1198 (for unpaid overtime resulting from alleged off-the clock work performed outside of "on call" weeks and the alleged miscalculation of the regular rate), 248.5 (for the alleged failure to provide paid sick leave and/or the balance of paid sick leave on wage statements), and various other penalties, interest and attorneys' fees, and considering only a very conservative estimate of alleged violations, it is more likely than not that the amount in controversy exceeds $5 million.  The conservative amount in controversy breaks down as follows:

| Plaintiff's Alleged Claim | Amount in Controversy |
| --- | --- |
| Unpaid Minimum and Overtime Wages For Being "On Call" | $17,492,420 |

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE TO FEDERAL COURT OF REMOVAL

| | |
|---|---|
| Unpaid Minimum Wages For Off-The-Clock Work And Liquidated Damages | $744,399.60 |
| Meal Period Premiums | $372,199.80 |
| Rest Period Premiums | $372,199.80 |
| Wage Statements Penalties | $206,550 |
| Waiting Time Penalties | $212,685.60 |
| **Conservative Sum Amount in Controversy** | **$19,400,454.20** |

43.    As noted above, the amount in controversy set forth above has been calculated based only through the present.  (Moss Decl. at ¶¶ 4-5.)  Plaintiff, however, defines the putative class as continuing "until the date of trial."  (Compl. at ¶ 13.)  As such, the size of the class will continue to expand, as will the amount in controversy.  This means that the amount in controversy on Plaintiff's claims is even greater than the amount set forth in this Notice of Removal.

44.    Moreover, Plaintiff seeks attorneys' fees and costs in his Complaint pursuant to Labor Code sections 1021.5 and 1194.  It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees.  *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).  In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fees award to be twenty-five (25%) to thirty-three (33%) percent of the settlement of the award.  *See, e.g.*, *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008), *quoting Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.")  Based on the Defendant's conservative amount in controversy calculation attorneys' fees would exceed $4,183,628.20.

45.    Accordingly, although Defendant denies Plaintiff's claims of wrongdoing, based on the foregoing, under the Class Action Fairness Act, Plaintiff's claims for damages, penalties,

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

13.    NOTICE TO FEDERAL COURT OF REMOVAL

attorneys' fees, and other monetary relief exceed the $5 million jurisdictional limit of this Court, as required by 28 U.S.C ¶ 1332(d).

## V. **VENUE**

46.     Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a).  Plaintiff originally brought this action in the Superior Court of the State of California, County of Alameda.  Thus, the appropriate assignment of this action is to the Oakland Division of this Court.

## VI.  **NOTICE OF REMOVAL**

47.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Arnab Banerjee, Brandon Brouillette, and Ruhandy Glezakos of Capston Law APC.   In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Alameda, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated:  July 21, 2017

/s/*Perry K. Miska*
KEITH A. JACOBY
GREGORY G. ISKANDER
SOPHIA BEHNIA
PERRY K. MISKA, JR.
LITTLER MENDELSON, P.C.
Attorneys for Defendant
T-MOBILE USA, INC.

Firmwide:148786565.4 066431.1020

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

# Exhibit A



CORPORATION SERVICE COMPANY®

**TV / ALL**
**Transmittal Number: 16219852**
**Date Processed: 02/09/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Beth Crowder<br>T-Mobile USA, Inc.<br>12920 SE 38th Street<br>Bellevue, WA 98006 |
| **Electronic copy provided to:** | Ed Eiker<br>Jerry Bentley |

| | |
|---|---|
| **Entity:** | T-Mobile USA, Inc.<br>Entity ID Number  1951208 |
| **Entity Served:** | T-Mobile USA, Inc. |
| **Title of Action:** | Jesse Black vs. T-Mobile USA, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG17847705 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/07/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Arnab Banerjee<br>310-556-4811 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

 

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

T-MOBILE USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JESSE BLACK, individually, and on behalf of other members of the general public similarly situated

ENDORSED
FILED
ALAMEDA COUNTY

JAN 3 1 2017

CLERK OF THE SUPERIOR COURT
By _____ Molly J. Kautz
Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Alameda Superior Court, Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland CA 94612-4293 | CASE NUMBER:<br>*(Número del Caso):*<br>RG17847705 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arnab Banerjee (174687) Capstone Law APC, 1875 Century Park E., 1000, LA, CA 90067; 310-556-4811

| DATE:<br>*(Fecha)* | JAN 3 1 2017 | **Chad Finke** | Clerk, by<br>*(Secretario)* | Molly J. Kautz | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* T-MOBILE USA, INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|



1  Arnab Banerjee (SBN 252618)
   Arnab.Banerjee@capstonelawyers.com
2  Brandon Brouillette (SBN 273156)
   Brandon.Brouillette@capstonelawyers.com
3  Ruhandy Glezakos (SBN 307473)
   Ruhandy.Glezakos@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiff Jesse Black

ENDORSED
FILED
ALAMEDA COUNTY

JAN 31 2017

CLERK OF THE SUPERIOR COURT
Molly J. Kautz
By _____ Deputy

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF ALAMEDA

10

11  JESSE BLACK, individually, and on behalf
    of other members of the general public
12  similarly situated,

13              Plaintiff,

14      vs.

15  T-MOBILE USA, INC., a Delaware
    corporation; and DOES 1 through 10,
16  inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

Case No.: RG17847705

**CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code §§ 510
    and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code
    §§ 1182.12, 1194, 1197, 1197.1, and 1198
    (Unpaid Minimum Wages);
(3) Violation of California Labor Code
    §§ 226.7, 512(a), and 1198 (Failure to
    Provide Meal Periods);
(4) Violation of California Labor Code § 226.7
    and 1198 (Failure to Provide Rest Periods);
(5) Violation of California Labor Code
    §§226(a), 1174(d), and 1198 (Non-
    Compliant Wage Statements and Failure to
    Maintain Payroll Records);
(6) Violation of California Labor Code §§ 201
    and 202 (Wages Not Timely Paid Upon
    Termination);
(7) Violation of Labor Code § 1198 and
    California Code of Regulations Title 8,
    Section 11040 Subdivision 5(A) (Failure to
    Provide Reporting Time Pay)
(8) Violation of California Business &
    Professions Code §§ 17200, *et seq.*
    (Unlawful Business Practices); and
(9) Violation of California Business &
    Professions Code §§ 17200, *et seq.* (Unfair
    Business Practices).

**Jury Trial Demanded**

FAX FILE

Plaintiff Jesse Black, ("Plaintiff"), individually, and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages, penalties, and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction. Plaintiff's share of damages, penalties and other relief sought in this action does not exceed $75,000.

2.      This Court has jurisdiction over all Defendants because Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

3.      Venue is proper in this Court, because Defendants employ persons in this county, employed Plaintiff in this county, and thus a substantial portion of the transactions and occurrences related to this action occurred in this county. Cal. Civ. Proc. Code § 395.

## THE PARTIES

4.      Plaintiff JESSE BLACK is a resident of Oakland, in Alameda County, California. Defendants employed Plaintiff as an hourly-paid, non-exempt Field Tech 2, Field Technician, and Sr. Field Technician from approximately October 2008 to December 2015 out of their office located in Concord, California. As a Senior Field Technician, Plaintiff typically worked eight (8) hours or more per day, five (5) days per week, and 40-55 hours per week. At times, Plaintiff worked twelve (12) hours or more per day. During Plaintiff's employment with Defendants, he was paid on an hourly basis, including shift differential pay and bonus pay. At the time Plaintiff's employment with Defendants ended, he earned approximately $38.53 per hour. Plaintiff's job duties included, without limitation, monitoring, maintaining

1    and upgrading cellular sites in the Oakland, Alameda and San Leandro, California areas.

2        5.      Defendant T-MOBILE USA, INC. was and is, upon information and belief, a

3    Delaware corporation doing business in California, with its principal place of business in

4    Bellevue, Washington, and at all times hereinafter mentioned, an employer whose employees

5    are engaged throughout this county, the State of California, or the various states of the United

6    States of America.

7        6.      Plaintiff is unaware of the true names or capacities of the Defendants sued

8    herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to

9    amend the complaint and serve such fictitiously named Defendants once their names and

10   capacities become known.

11       7.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

12   are the partners, agents, owners, shareholders, managers, or employees of T-MOBILE USA,

13   INC. at all relevant times.

14       8.      Plaintiff is informed and believes, and thereon alleges, that each and all of the

15   acts and omissions alleged herein was performed by, or is attributable to, T-MOBILE USA,

16   INC. and/or DOES 1 through 10 (collectively "Defendants" or "T-MOBILE"), each acting as

17   the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the

18   other co-Defendants and was acting within the course and scope of such agency, employment,

19   joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts

20   of any and all Defendants were in accordance with, and represent, the official policy of

21   Defendants.

22       9.      At all relevant times, Defendants, and each of them, ratified each and every act

23   or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

24   and abetted the acts and omissions of each and all the other Defendants in proximately causing

25   the damages herein alleged.

26       10.     Plaintiff is informed and believes, and thereon alleges, that each of said

27   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

28   omissions, occurrences, and transactions alleged herein.

**CLASS ACTION ALLEGATIONS**

11.  Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under California Code of Civil Procedure section 382.

12.  All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

13.  Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as nonexempt, hourly-paid Field Technicians or other functionally equivalent position in California, within four years prior to the filing of this complaint until the date of trial ("Class").

14.  Plaintiff's proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as nonexempt, hourly-paid Field Technicians or other functionally equivalent position in California, within one year prior to the filing of this complaint until the date of trial ("Wage Statement Subclass").

15.  Members of the Class and Subclass are referred to herein as "class members."

16.  Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

17.  There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

    (a)  Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

    (b)  Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiff and class members' overtime rate of pay was based;

    (c)  Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

    (d)  Whether Defendants failed to provide Plaintiff and class members with

meal periods;

(e)     Whether Defendants failed to provide Plaintiff and class members with rest periods;

(f)     Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(g)     Whether Defendants failed to pay earned overtime wages, minimum wages, and meal and rest period premiums due to Plaintiff and class members upon their discharge;

(h)     Whether Defendants failed timely to pay overtime wages, minimum wages, and meal and rest period premiums to Plaintiff and class members during their employment;

(i)     Whether Defendants failed to pay Plaintiff and class members reporting time pay when they were put to work for less than half of their regular schedule and/or on controlled standby during "on-call" shifts;

(j)     Whether Defendants filed to provide paid sick leave benefits and written notice of paid sick leave or paid time off available to Plaintiff and class members;

(k)     Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(l)     The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

18.     There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a)     <u>Numerosity</u>:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is

CLASS ACTION COMPLAINT

estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c) Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because

they believe their former employers might damage their future
endeavors through negative references and/or other means. Class
actions provide the class members who are not named in the complaint
with a type of anonymity that allows for the vindication of their rights
while simultaneously protecting their privacy.

## GENERAL ALLEGATIONS

19.     Defendants are a Delaware corporation doing business in California and
provide wireless voice, messaging, and data services to residential and business customers
nationwide. Upon information and belief, Defendants maintain a single, centralized Human
Resources department at their corporate headquarters in Bellevue, Washington, which is
responsible for conducting Defendants' recruiting and hiring of new employees, as well as
communicating and implementing Defendants' company-wide policies to employees
throughout California.

20.     In particular, Plaintiff and class members, on information and belief, received
the same standardized documents and/or written policies. Upon information and belief, the
usage of standardized documents and/or written policies, including new hire documents,
indicate that Defendants dictated policies at the corporate level and implemented them
company-wide, regardless of their employees' assigned locations or positions. Upon
information and belief, Defendants set forth uniform policies and procedures in several
documents provided at an employee's time of hire. At the time Plaintiff was hired, he
received, among other documents, the Code of Conduct, the Employee Handbook, and the
California Supplement to the Employee Handbook, informing him that he would be subject to
the policies and rules set forth in the documents provided.

21.     On information and belief, all transactions regarding hiring, terminations,
promotions, pay increases, and employee transfers, etc., relating to Defendants' California
employees were submitted to and processed by Defendants' HR department in Bellevue,
Washington. Additionally, on information and belief, Defendants' corporate records, business
records, data, and other information related to T-MOBILE, including, in particular, HR

1  records pertaining to Defendants' California employees, are also maintained at T-MOBILE's

2  corporate headquarters in Bellevue, Washington.

3       22.     Upon information and belief, Defendants maintain a centralized Payroll

4  department at their corporate headquarters in Bellevue, Washington, which processes payroll

5  for all non-exempt, hourly-paid employees working for Defendants in California, including

6  Plaintiff and class members.  Based upon information and belief, Defendants issue the same

7  formatted wage statements to all non-exempt, hourly-paid employees in California,

8  irrespective of their work location.  Upon further information and belief, during the relevant

9  time period, Defendants used third party ADP Payroll Services to process and issue uniform,

10  standardized wage statements to Plaintiff and class members.  Upon information and belief,

11  Defendants process payroll for departing employees in the same manner throughout the State

12  of California, regardless of the manner in which each employee's employment ends.

13       23.     Defendants continue to employ non-exempt or hourly-paid Field Technicians

14  throughout California.

15       24.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

16  mentioned, Defendants were advised by skilled lawyers and other professionals, employees

17  and advisors knowledgeable about California labor and wage law, employment and personnel

18  practices, and about the requirements of California law.

19       25.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class

20  members were not paid for all hours worked because all hours worked were not recorded.

21       26.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

22  should have known that Plaintiff and class members were entitled to receive certain wages for

23  overtime compensation and that they were not receiving certain wages for overtime

24  compensation.

25       27.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

26  should have known that Plaintiff and class members were entitled to be paid at a regular rate

27  of pay, and corresponding overtime rate of pay, that included all forms of remuneration paid

28  to Plaintiff and class members, including shift differential pay, incentive pay, nondiscretionary

1  bonuses and/or other forms of compensation.

2      28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

3  should have known that Plaintiff and class members were entitled to receive at least minimum

4  wages for compensation and that they were not receiving at least minimum wages for work

5  that was required to be done off-the-clock. In violation of the California Labor Code, Plaintiff

6  and class members were not paid at least minimum wages for work done off-the-clock.

7      29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

8  should have known that Plaintiff and class members were entitled to meal periods in

9  accordance with the Labor Code or payment of one (1) additional hour of pay at their regular

10  rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal

11  periods and that Plaintiff and class members were not provided with all meal periods or

12  payment of one (1) additional hour of pay at their regular rates of pay when they did not

13  receive a timely, uninterrupted, thirty (30) minute meal period.

14      30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

15  should have known that Plaintiff and class members were entitled to rest periods in

16  accordance with the Labor Code and applicable IWC Wage Order or payment of one (1)

17  additional hour of pay at their regular rates of pay when they were not provided with a

18  compliant rest period and that Plaintiff and class members were not provided compliant rest

19  periods or payment of one (1) additional hour of pay at their regular rates of pay when they

20  were not provided a compliant rest period.

21      31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

22  should have known that Plaintiff and class members were entitled to receive complete and

23  accurate wage statements in accordance with California law.  In violation of the California

24  Labor Code, Plaintiff and class members were not provided complete and accurate wage

25  statements.

26      32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

27  should have known that they had a duty to maintain accurate and complete payroll records in

28  accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly,

1 and intentionally failed to do so.

2     33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

3 should have known that Plaintiff and class members were entitled to timely payment of all

4 wages earned upon termination of employment.  In violation of the California Labor Code,

5 Plaintiff and class members did not receive payment of all wages due, including, but not

6 limited to, overtime wages, minimum wages, and meal and rest period premiums, within

7 permissible time periods.

8     34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

9 should have known that Plaintiff and class members were entitled to timely payment of wages

10 during their employment.  In violation of the California Labor Code, Plaintiff and class

11 members did not receive payment of all wages, including, but not limited to, overtime wages,

12 minimum wages, and meal and rest period premiums, within permissible time periods.

13     35.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

14 should have known that Plaintiff and class members were entitled to receive all reporting time

15 pay when Defendants required them to report to work but were put to work for less than half

16 of their scheduled shift.  In violation of the California Labor Code, Plaintiff and class were not

17 paid all reporting time pay.

18     36.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

19 should have known that Defendants were obligated to provide Plaintiff and class members

20 with paid sick leave benefits, but failed to do so.

21     37.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

22 should have known that Plaintiff and class members were entitled to receive itemized wage

23 statements or separate written statements showing the amount of paid sick leave available, or

24 paid time off provided in lieu of sick leave.  In violation of the California Labor Code,

25 Defendants failed to provide Plaintiff and class members with itemized wage statements or

26 separate written statements showing this information.

27     38.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

28 mentioned, Defendants knew or should have known that they had a duty to compensate

Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against all Defendants)

39.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

40.     California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

41.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including non-discretionary bonuses, shift differential pay, and/or incentive pay.

42.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

43.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay, and required to pay

CLASS ACTION COMPLAINT

1  Plaintiff and class members at a rate of two (2) times their regular rate of pay for hours

2  worked in excess of eight (8) hours on the seventh (7th) consecutive day of a work in a

3  workweek.

4          44.     California Labor Code section 510 codifies the right to overtime compensation

5  at one-and-one-half times the regular rate of pay for hours worked in excess of eight (8) hours

6  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

7  of work, and to overtime compensation at twice the employee's regular rate of pay for hours

8  worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

9  seventh (7th) day of work.

10         45.     During the relevant time period, Defendants willfully failed to pay all overtime

11  wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and

12  class members were not paid overtime premiums for all of the hours they worked in excess of

13  eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

14  hours in a week, because all hours worked were not recorded.

15         46.     During the relevant time period, Defendants had a company-wide rotating "on-

16  call" policy, whereby it scheduled Technicians to work "on-call" weeks.  During an "on-call"

17  week, Plaintiff and class members had to be available 24/7 to respond to service calls, from

18  Monday at 5:00 p.m. through Monday at 7:59 a.m.  Defendants issued company cellular

19  phones or radios to Plaintiff and class members which they were required to keep on them and

20  respond to immediately while working an "on-call" week.  When scheduled to be "on-call,"

21  Plaintiff and class members were in essence on controlled standby for Defendants because

22  they could not use that time freely for their own purposes and were forced to put their lives on

23  hold.  For example, Plaintiff refrained from making plans altogether while "on-call" because

24  he knew that he had to drop whatever he was doing at a moment's notice if he received a call.

25  Defendants paid Plaintiff and class members a flat rate of $22.47 per day during an "on-call"

26  week, plus hours they spent responding to service calls.  However, Defendants failed to pay

27  Plaintiff and class members for the remainder of time during which they were not free to use

28  their time for their own purposes.

47.     Also, Plaintiff and class members were required to respond to and receive emergencies and were not compensated for their time.

48.     Additionally, Defendants systematically, and on a company-wide basis, did not schedule second meal periods and had no policy for permitting and authorizing Plaintiff and class members to take second meal periods on days that they worked in excess of ten (10) hours in one day.  During the relevant time period, Plaintiff regularly worked twelve (12) hours per day, but did not receive a second uninterrupted 30-minute meal period on those days.  As a result of this company-wide failure to schedule meal periods, Plaintiff and class members were not permitted and authorized to take uninterrupted 30-minute meal periods during their shifts in which they were entitled to receive a meal period.  Plaintiff and class members did not sign valid meal break waivers on days that they were entitled to meal periods but were not relieved of all duties.  As a result of Defendants' scheduling practices and/or policies, Plaintiff and class members routinely missed second meal periods.

49.     Defendants knew or should have known that as a result these company-wide practices, Plaintiff and class members were performing some of their assigned duties off-the-clock and/or during meal periods and were suffered or permitted to perform work for which they were not paid.  Defendants also knew, or should have known, that it did not compensate Plaintiff and class members for this off-the-clock work.  Because Plaintiff and class members sometimes worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.   Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

50.     Furthermore, on information and belief, Defendants did not pay Plaintiff and class members the correct overtime rate for the recorded overtime hours that they generated.  In addition to an hourly wage, Defendants paid Plaintiff and class members "on call" pay, shift differential pay, incentive pay and/or nondiscretionary bonuses.  However, upon information and belief, Defendants failed to incorporate all remunerations, including "on call" pay, shift differential pay, incentive pay and/or nondiscretionary bonuses, into the calculation

1    of the regular rate of pay for purposes of calculating the overtime wage rate.

2        51.    Specifically, Plaintiff and other class members received shift differential pay

3    that appeared on his wage statements as "Eng Shift 1" and "Eng Shift 2" and received "On

4    Call" pay during weeks that he was scheduled "on call".  During pay periods that Plaintiff was

5    paid overtime, Defendants failed to incorporate the shift differential and "on call" pay he

6    earned into his regular rate of pay and, as a result, paid him at an incorrect and lower rate of

7    pay for overtime hours worked.  Specifically, Defendants paid Plaintiff at 1.5 times his hourly

8    rate of instead of at 1.5 times his regular rate of pay.

9        52.    As an example, during the relevant time period, Plaintiff was paid shift

10   differential pay.  For the pay period ending August 31, 2013, Plaintiff earned shift differential

11   pay in the amounts of $71.92 and $71.88, and "on-call" pay in the amount of $147.43.  During

12   this same pay period, Plaintiff incurred overtime and double time.  However, Plaintiff's

13   overtime rate of pay and double time rates of pay do not incorporate the shift differential pay

14   or "on-call" pay earnings.  Instead, Defendants paid Plaintiff for overtime and double time

15   work based upon his straight hourly rate of pay of $32.49, paying him $48.7350 ($32.49 x 1.5)

16   for overtime hours he incurred and paying him $64.98 ($32.49 x 2) for double time hours he

17   incurred.  Therefore, during times when Plaintiff and class members worked overtime and

18   received "on-call" pay, shift differential pay, incentive pay and/or nondiscretionary bonuses,

19   Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

20       53.    Defendants' failure to pay Plaintiff and class members the balance of overtime

21   compensation and failure to include all applicable remuneration in calculating the regular rate

22   of pay for overtime pay, as required by California law, violates the provisions of California

23   Labor Code sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiff

24   and class members are entitled to recover their unpaid overtime compensation, as well as

25   interest, costs, and attorney's fees.

26   //

27   //

28   //

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

**Minimum Wages**

**(Against All Defendants)**

54.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

55.     At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in Wage Order No. 4 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code. Regs. tit. 8, § 11040(2)(K) (defining "Hours Worked").

56.     As set forth above, Defendants systematically, and on a company-wide basis, required Plaintiff and class members to work "on-call" weeks during which they had to put their lives on hold and were restricted from using that time freely for their own purposes.

57.     Defendants also Plaintiff and class members were also required to respond to calls and emergencies and were not compensated for that time.

58.     As also described above, Defendants required Plaintiff and class members to work during their second 30-minute unpaid meal periods due to Defendants' systemic and company-wide failure to schedule second meal periods for its employees.  Defendants did not pay minimum wages for meal periods Plaintiff and class members worked through that qualified for overtime premium payment.

59.     Thus, Defendants did not pay at least minimum wages for off-the-clock hours that qualified for overtime premium payment.  Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

60.     Defendants did not pay at least minimum wages for off-the-clock hours that qualified for overtime premium payment.  Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

61.     Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## THIRD CAUSE OF ACTION

**Violations of California Labor Code, §§ 226.7, 512(a), and 1198—Meal Period Violations**

**(Against all Defendants)**

62.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

63.     At all relevant times herein set forth, the applicable IWC Wage Order(s) and California Labor Code sections 226.7, 512(a) and 1198 were applicable to Plaintiff and class members' employment by Defendants.

64.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.  Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court,* 53 Cal. 4th 1004, 1041-1042 (Cal. 2012).

65.     At all relevant times herein set forth, California Labor Code section 226.7 and 512(a) provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

66.     At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order also require employers to provide a second meal break of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

67.     During the relevant time period, Defendants maintained a company-wide, unlawful written meal break policy insofar as it fails to provide that employees, including Plaintiff and class members, are entitled to second 30-minute meal breaks for shifts in excess of ten (10) hours. Instead, Defendants' written meal break policy is silent on the provision of second meal periods for work in excess of ten (10) hours in one (1) day. Specifically, Defendants' policy states only that "Employees must take at least a 30-minute meal period on or before the fifth hour of every workday, uninterrupted by work." Thus, Defendants' written meal break policy is facially non-compliant and in violation of Labor Code sections 226.7 and 512 and the applicable IWC Wage Order. As a result of Defendants' company-wide non-compliant meal period policy and the lack of any policy for scheduling, permitting, and authorizing second meal periods, Plaintiff and class members were denied second 30-minute meal periods.

68.     For example, when Plaintiff worked in excess of ten (10) hours in a day, Defendants did not schedule him to take a second meal period and did not provide him with the opportunity to take a second meal period. Instead, Plaintiff continued to work until he clocked out for the day. Plaintiff and class members did not sign valid meal break waivers on days that they were entitled to meal periods and were not relieved of all duties. At all times herein mentioned, Defendants knew or should have known that as a result of its non-compliant written meal break policy, Plaintiff and class members were not provided second meal periods when they worked in excess of ten (10) hours in a day and knew, or should have known that it did not pay Plaintiff and class members meal period premium wages when they missed meal periods.

69.     Further, Defendants engaged in a systematic, company-wide policy to not pay meal period premiums when Plaintiff and class members missed second meal periods, in violation of the applicable IWC Wage Order and Labor Code sections 226.7 and 512(a).

70.     To the extent that Defendants did pay Plaintiff and class members one (1) additional hour of premium pay for missed first or second meal periods, Defendants did not Plaintiff and class members at the correct rate of pay for premium wages because Defendants failed to include all forms of compensation, such as "on-call" pay, shift differential pay, incentive pay and/or nondiscretionary bonuses, in the regular rate of pay.  As a result, Defendants failed to provide Plaintiff and class members compliant meal periods in violation of California Labor Code sections 226.7 and 512 and failed to pay the full meal period premiums due.

71.     Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 226.7 and 1198—Rest Break Violations

### (Against all Defendants)

72.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

73.     At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7 and 1198 were applicable to Plaintiff and class members' employment by Defendants.

74.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half

1  (3½) hours.

2      75.    At all relevant times, California Labor Code section 226.7 provides that no

3  employer shall require an employee to work during any rest period mandated by an applicable

4  order of the California IWC.  To comply with its obligation to provide rest periods under

5  California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must

6  "relinquish any control over how employees spend their break time, and relieve their

7  employees of all duties — including the obligation that an employee remain on call.  A rest

8  period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.,* 2 Cal.5th

9  257, __, 211 Cal. Rptr. 3d 634, 647 (Cal. 2016).  Pursuant to the applicable IWC Wage Order

10  and California Labor Code section 226.7(b), Plaintiff and class members were entitled to

11  recover from Defendants one (1) additional hour of pay at their regular rates of pay for each

12  work day that a required rest period was not provided.

13      76.    During the relevant time period, Defendants prevented Plaintiff and class

14  members from taking 10-minute rest periods.  Defendants had a systemic practice of

15  scheduling projects for Plaintiff and class members closely together such that Plaintiff and

16  class members did not have time to take breaks and stay on schedule.  Defendants did not

17  build in time for Plaintiff and class members to take rest breaks when transitioning from one

18  site project to the next.  As a result, Plaintiff and class members were prevented from being

19  relieved of all duty in order to take compliant rest periods and instead would simply finish one

20  project and move on to the next without taking rest breaks.  As a result, Plaintiff would

21  frequently work shifts in excess of three and one-half (3 ½) hours and in excess of six (6)

22  hours or ten (10) hours without receiving all uninterrupted 10-minute rest periods to which he

23  was entitled.  Throughout his employment, Plaintiff regularly worked straight through his

24  shifts without taking 10-minute rest periods.

25      77.    At the same time, Defendants implemented a systematic, company-wide policy

26  to not pay rest periods premiums.  Alternatively, to the extent that Defendants did pay

27  Plaintiff and class members one (1) additional hour of premium pay for missed rest periods,

28  Defendants did not pay Plaintiff and class members at the correct rate of pay for premium

1   wages because Defendants failed to include all forms of compensation, such as "on-call" pay,

2   shift differential pay, incentive pay and/or nondiscretionary bonuses, in the regular rate of pay.

3   As a result, to the extent Defendants paid Plaintiff and class members premium pay for missed

4   rest periods, it did so at a lower rate than required by law.  As a result, Plaintiff and other non-

5   party Aggrieved Employees were denied rest periods and failed to pay the full rest period

6   premiums due, in violation of Labor Code section 226.7 and the applicable IWC Wage Order.

7       78.     Defendants' conduct violates the applicable IWC Wage Order and California

8   Labor Code sections 226.7 and 1198.  Plaintiff and class members are therefore entitled to

9   recover from Defendants one (1) additional hour of pay at the employee's regular rate of

10   compensation for each work day that the rest period was not provided and the balance owed

11   for underpaid separately compensated rest periods.

12                          **FIFTH CAUSE OF ACTION**

13   **Violation of California Labor Code §§ 226(a), 1174(d), and 1198 – Non-Compliant Wage**

14              **Statements and Failure to Maintain Accurate Payroll Records**

15                          **(Against all Defendants)**

16       79.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

17   and every allegation set forth above.

18       80.     At all relevant times herein, California Labor Code section 226(a) provides that

19   every employer shall furnish each of his or her employees an accurate and complete itemized

20   wage statement in writing, including, but not limited to, the name and address of the legal

21   entity that is the employer, the inclusive dates of the pay period, total hours worked, and all

22   applicable rates of pay.

23       81.     During the relevant time period, Defendants have knowingly and intentionally

24   provided Plaintiff and class members with uniform, incomplete, and inaccurate wage

25   statements.  Specifically, Defendants violated sections 226(a)(2), 226(a)(3), and 226(a)(9).

26   Defendants issued uniform wage statements Plaintiff and class members that fail to correctly

27   list total hours worked because it failed to include hours Plaintiff and class members worked

28   "on-call" in violation of section 226(a)(2).  Defendants issued uniform wage statements to

Plaintiff and class members that fail to list the number of piece-rate units earned and any applicable piece rate, including flat rates paid for "on-call" work in violation of section 226(a)(3). Alternatively, Defendants issued uniform wage statements to Plaintiff and class members that fail to list all applicable hourly rates in effect during the pay period, including overtime rates of pay and flat rates paid for "on-call" work, and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

82. During the relevant time period, Defendants have knowingly and intentionally provided Plaintiff and class members with uniform, incomplete, and inaccurate wage statements. The wage statement deficiencies include, among other things, failing to list gross wages earned; failing to list all deductions; failing to list net wages earned; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; failing to list the name and address of the legal entity that is the employer; failing to list the inclusive dates of the period for which aggrieved employees were paid; and/or failing to state all hours worked as a result of not recording or stating the hours they worked off-the-clock.

83. California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…" Labor Code section 1174.5 provides that employers are subject to a $500 civil penalty if they fail to maintain accurate and complete records as required by section 1174(d). During the relevant time period, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiff class members showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

84. California Labor Code section 1198 provides that the maximum hours of work

and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Orders. Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period. During the relevant time period, Defendants failed, on a company-wide basis, to keep accurate records of meal period start and stop times for Plaintiff and class members, in violation of section 1198. Furthermore, in light of Defendants' failure to provide Plaintiff and class members with second 30-minute meal periods to which they were entitled, Defendants kept no records of meal start and end times for second meal periods.

85.     Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination

### (Against all Defendants)

86.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

87.     This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and meal and rest period premium wages that were not timely paid to Plaintiff and those class members no longer employed by Defendants upon their termination.

88.     At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two

(72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

89.     During the relevant time period, Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, meal and/or rest period premium wages, and reporting time pay, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

90.     Defendants' failure to pay Plaintiff and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SEVENTH CAUSE OF ACTION

**Violation of California Business & Professions Code § 1198 – Failure to Provide**

**Reporting Time Pay**

**(Against all Defendants)**

91.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

92.     California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

93.     The applicable wage order, California Code of Regulations, Title 8, section 11040(5)(A), provides that "[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or

scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

94.     Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11040(5) because Defendants failed to pay Plaintiff and class members reporting time pay when they reported for work during a scheduled "on-call" shift and did not perform "significant work." Defendants have a company-wide policy of scheduling field technicians, including Plaintiff and other class members, for weekly "on-call" shifts and paying them a flat rate of $22.47 per day. During an "on-call" shift, Defendants require Plaintiff and class members to be available 24/7 and respond to any calls, including emergencies. However, when Plaintiff and class members receive a call or are required to respond to an emergency, Defendants fail to pay them for at least two (2) hours. Instead, Defendants only pay field technicians for one (1) hour of pay if they perform significant work of less than one (1) hour. During the relevant time period, Plaintiff was required to respond to calls and was not paid at least two (2) hours.

95.     Similarly, Plaintiff and class members were sometimes required to work by phone and did not receive at least two (2) hours pay. Thus, Defendants did not pay Plaintiff and class members reporting time pay as required by law.

96.     Accordingly, Plaintiff and class members were not properly compensated with reporting time pay in violation of California Labor Code section 1198.

## EIGHTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq. –

### Unlawful Business Practices

### (Against all Defendants)

97.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

98.     Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies

1   and/or associations.

2     99. Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

3   unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has

4   suffered injury in fact and has lost money as a result of Defendants' unlawful business

5   practices.  Plaintiff seeks to enforce important rights affecting the public interest within the

6   meaning of Code of Civil Procedure section 1021.5.

7     100. Defendants' activities, as alleged herein, are violations of California law, and

8   constitute unlawful business acts and practices in violation of California Business &

9   Professions Code sections 17200, *et seq.*

10     101. A violation of California Business & Professions Code sections 17200, *et seq.*

11   may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

12   policies and practices have violated state law in at least the following respects:

13       (a) Requiring non-exempt employees, including Plaintiff and class

14         members, to work overtime without paying them proper compensation

15         in violation of California Labor Code sections 510 and 1198 and the

16         applicable IWC Order, as alleged herein;

17       (b) Failing to pay at least minimum wage to Plaintiff and class members in

18         violation of California Labor Code sections 1182.12, 1194, 1197,

19         1197.1, and 1198 and the applicable IWC Order, as alleged herein;

20       (c) Failing to provide uninterrupted meal and rest periods to Plaintiff and

21         class members in violation of California Labor Code sections 226.7,

22         512(a), 1198, and the applicable IWC Order, as alleged herein;

23       (d) Failing to provide Plaintiff and class members with accurate wage

24         statements and failing to maintain accurate payroll records in violation

25         of California Labor Code sections 226(a), 1174(d), 1198, and the

26         applicable IWC Order, as alleged herein;

27       (e) Failing timely to pay all earned wages to Plaintiff and class members in

28         violation of California Labor Code section 204 and the applicable IWC

Order, as set forth below;

(f)    Failing to provide reporting time pay in violation of California Labor Code section 1198 and the applicable IWC Wage Order, as alleged herein; and

(g)    Failing to provide all paid sick leave benefits and written notice of paid sick leave or paid time off available to Plaintiff and class members in violation of California Labor Code section 246, as set forth below.

102.    At all relevant times herein set forth, California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed. Labor Code section 204 further provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

103.    At all relevant times herein, California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, at all relevant times herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

104.    During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due to them within any time period specified by California Labor Code section 204 including, but not limited to, overtime wages, minimum wages, meal and/or rest period premium wages, and reporting time pay. Plaintiff and class members are therefore entitled to recover civil penalties pursuant to Labor Code sections 210 and/or 2699(a), (f), and (g). Separately, to the extent Defendants did attempt to true-up overtime due to Plaintiff and class members, Defendants failed to do so within the time limitations set forth in Labor Code

1    section 204.

2        105.    At all relevant times herein, California Labor Code sections 245.5, 246, 246.5,

3    247, 247.5, 248.5, and 249 provide employees who have worked in California for 30 or more

4    days from the commencement of employment with paid sick days, to be accrued at least one

5    hour for every 30 hours worked.  Pursuant to California Labor Code section 246(b)(4),

6    employers must provide no less than 24 hours or three (3) days of paid sick leave (or

7    equivalent paid leave or paid time off) in each year of the employee's employment.  Further,

8    section 246(h) provides that an employer must provide an employee with written notice that

9    sets forth the amount of paid sick leave available, or paid time off that an employer provides

10   in lieu of sick leave, for use on either the employee's itemized wage statement or in a separate

11   written statement provided on the designated pay date with the employee's wages.  The

12   penalties described in this article for a violation of this subdivision shall be in lieu of the

13   penalties for a violation of Section 226.

14       106.    During the relevant time period, on information and belief, Defendants

15   systematically failed to provide Plaintiff and class members paid sick leave of no less than 24

16   hours or three (3) days.  Plaintiff and class members worked in excess of 30 days for

17   Defendants in California and were therefore eligible to receive paid sick leave.  Defendants

18   use an accrual method whereby aggrieved employees earn paid time off benefits based on the

19   number of hours that they work.  However, because Defendants failed to include all "on-call"

20   time as hours worked, Defendants failed to provide Plaintiff and class members with the

21   requisite amount of paid sick leave benefits, in violation of section 246(b)(4).

22       107.    Additionally, Defendants failed to correctly list the balance of paid sick leave

23   (or paid time off) benefits available on Plaintiff's and class members' wage statements as

24   required by Labor Code section 246(h).  Defendants' ongoing and systematic failure to

25   provide the requisite sick leave benefits to Plaintiff and class members and failure to provide

26   them with accurate balances of their benefits available violates California Labor Code section

27   246.  Plaintiff and class members are therefore entitled to recover civil penalties pursuant to

28   Labor Code sections 248.5.

CLASS ACTION COMPLAINT

108.    As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses.  Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

109.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## EIGHTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.* –

### Unfair Business Practices

### (Against all Defendants)

110.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

111.    Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

112.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

113.    Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premium wages due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The

statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct. *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (*Id.*)

114.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice. In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest break laws and constitute acts against the public policy behind these laws.

115.    Pursuant to California Business & Professions Code sections 17200 et seq., Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs. Plaintiff reserves the right to amend his prayer for relief to seek a different amount.

### Class Certification

2.    That this case be certified as a class action;

3.      That Plaintiff be appointed as the representative of the Class and subclass;

4.      That counsel for Plaintiff be appointed as class counsel.

**As to the First Cause of Action**

5.      That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.      For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 by willfully failing to pay minimum wages to Plaintiff and class members;

11.     For general unpaid wages and such general and special damages as may be appropriate;

12.     For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

15.     For such other and further relief as the Court may deem equitable and appropriate.

//

### As to the Third Cause of Action

16. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), and 1198 and applicable IWC Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

17. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18. For all actual, consequential, and incidental losses and damages, according to proof;

19. For premiums pursuant to California Labor Code section 226.7(b);

20. For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law; and

21. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

22. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 1198 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

23. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided;

24. For all actual, consequential, and incidental losses and damages, according to proof;

25. For premiums pursuant to California Labor Code section 226.7(b);

26. For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law; and

27. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

28.     That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

29.     For all actual, consequential and incidental losses and damages, according to proof;

30.     For injunctive relief pursuant to California Labor Code section 226(h);

31.     For statutory penalties pursuant to California Labor Code section 226(e); and

32.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

33.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay overtime wages, minimum wages, and meal and rest period premiums owed at the time of termination of the employment of Plaintiff and other terminated class members;

34.     For all actual, consequential and incidental losses and damages, according to proof;

35.     For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

36.     For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law; and

37.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

38.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11040(5)(A) by failing to provide Plaintiff and class members with reporting time pay when they responded to

1    service calls and emergencies, including on days they were scheduled to work "on-call" shifts;

2        39.    For all actual, consequential and incidental losses and damages, according to

3    proof;

4        40.    For pre-judgment interest on any unpaid wages from the date such amounts

5    were due, or as otherwise provided by law; and

6        41.    For such other and further relief as the Court may deem equitable and

7    appropriate.

8                            **As to the Eighth Cause of Action**

9        42.    That the Court declare, adjudge and decree that Defendants conduct of failing

10    to provide Plaintiff and class members all overtime wages due to them, failing to provide

11    Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and

12    class members all meal and rest periods, failing to provide accurate and complete wage

13    statements, failing to maintain accurate payroll records, failing timely to pay all earned wages

14    during employment, failing to pay reporting time pay, and failing to provide to Plaintiff and

15    class members all sick leave benefits and written notice of paid sick leave or paid time off

16    available, constitutes an unlawful business practice in violation of California Business and

17    Professions Code sections 17200, *et seq*;

18        43.    For restitution of unpaid wages to Plaintiff and all class members and

19    prejudgment interest from the day such amounts were due and payable;

20        44.    For the appointment of a receiver to receive, manage and distribute any and all

21    funds disgorged from Defendants and determined to have been wrongfully acquired by

22    Defendants as a result of violations of California Business & Professions Code sections 17200

23    *et seq.*;

24        45.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

25    California Code of Civil Procedure section 1021.5; and

26        46.    For such other and further relief as the Court may deem equitable and

27    appropriate.

28    //

**As to the Ninth Cause of Action**

47.     That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

48.     For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

49.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

50.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

51.     For pre-judgment and post-judgment interest as provided by law; and

52.     For such other and further relief as the Court may deem equitable and appropriate.

Dated:  January 31, 2017                          Respectfully submitted,

                                                  Capstone Law APC


                                          By:  _____
                                                  Arnab Banerjee
                                                  Brandon Brouillette
                                                  Ruhandy Glezakos

                                                  Attorneys for Plaintiff Jesse Black

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Arnab Banerjee(SBN 252618); Brando Brouillette (SBN273156)<br>CAPSTONE LAW APC<br>1875 Century Park East, Suite 1000<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 556-4811   FAX NO.: (310) 943-0396<br>ATTORNEY FOR *(Name):* Plaintiff Jesse Black | FOR COURT USE ONLY<br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JAN 31 2017<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Molly J. Kaulz<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon Street, Oakland CA 94612
MAILING ADDRESS: 1225 Fallon Street, Oakland CA 94612-4293
CITY AND ZIP CODE: Oakland 94612-4293
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
JESSE BLACK v. T-MOBILE USA INC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>RG17847705 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*  Nine (9)
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 31, 2017
Arnab Banerjee
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

FAX FILE

**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

Capstone Law APC
Attn: Banerjee, Arnab
1875 Century Park East
Suite 1000
Los Angeles, CA   90067____

T-Mobile USA, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Black<br><br>    Plaintiff/Petitioner(s)<br>VS.<br><br>T-Mobile USA, Inc.<br>    Defendant/Respondent(s)<br>    (Abbreviated Title) | No. <u>RG17847705</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 03/14/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
          201 13th Street, Oakland

Case Management Conference:
DATE: 05/02/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
          201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  02/03/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

By          _digital_

                                                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/06/2017.

By          _digital_

                                                                    Deputy Clerk



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?**  Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**:  Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:           FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

    Date:                     Time:                     Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

    ☐ Court mediation          ☐ Judicial arbitration
    ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:
    a. No party to the case has requested a complex civil litigation determination hearing;
    b. All parties have been served and intend to submit to the jurisdiction of the court;
    c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e. Case management statements are submitted with this stipulation;
    f. All parties will attend ADR conferences; and,
    g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PLAINTIFF)


Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____     ►     _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF DEFENDANT)

Date:

_____     ►     _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

# Exhibit B

1  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON, P.C.
2  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067.3107
3  Telephone:    310.553.0308
   Fax No.:       310.553.5583
4  kjacoby@littler.com

5  GREGORY G. ISKANDER, Bar No. 200215
   NATALIE JANSEN, Bar No. 286401
6  LITTLER MENDELSON, P.C.
   Treat Towers
7  1255 Treat Boulevard
   Suite 600
8  Walnut Creek, CA  94597
   Telephone:    925.932.2468
9
   Attorneys for Defendant
10 T-MOBILE USA, INC.

11

ENDORSED
FILED
ALAMEDA COUNTY

APR 0 6 2017

CLERK OF THE SUPERIOR COURT
By _____
      JAIME THOMAS, Deputy

12                    SUPERIOR COURT OF CALIFORNIA

13                         COUNTY OF ALAMEDA

| 14  JESSE BLACK, individually, and on behalf of other members of the general public similarly situated, | Case No.  RG17847705 |
|---|---|
| 15 | **ANSWER TO UNVERIFIED COMPLAINT** |
| 16              Plaintiff, | ASSIGNED FOR ALL PURPOSES TO JUDGE |
| 17        v. | Complaint Filed:  January 31, 2017 |
| 18  T-MOBILE USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| 19 | |
| 20              Defendant. | |

21

22        Defendant  T-Mobile  USA,  Inc.  ("Defendant")  hereby  answers  the  unverified

23  Complaint of Plaintiff Jesse Black ("Plaintiff") in the above-captioned action as follows:

24                          **GENERAL DENIAL**

25        Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant generally

26  denies each and every allegation contained in the COMPLAINT, and further denies that Plaintiff is

27  entitled to equitable or injunctive relief, compensatory damages, restitution, attorneys' fees,

28  prejudgment interest, costs of suit, or any other relief of any kind whatsoever.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT

FAXED COPY

**AFFIRMATIVE DEFENSES**

Defendant further asserts the following defenses and affirmative defenses.  In so doing, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below.  Further, Defendant does not presently know all facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time.  Accordingly, Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action)**

1.      As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that the COMPLAINT and each purported cause of action therein fails, in whole or in part, to state facts sufficient to constitute a cause of action against Defendant.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.      As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that the COMPLAINT and each purported cause of action alleged therein is barred, in whole or in part, by the applicable statute of limitations, including without limitation Sections 337, 338(a), 340(a), and 340(b) of the California Code of Civil Procedure, Section 2699 of the California Labor Code, and Section 17208 of the California Business and Professions Code.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3.      As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Plaintiff's COMPLAINT and each purported cause of action therein is barred to the extent that Plaintiff has failed to exhaust his administrative remedies or to the extent that his allegations exceed the scope of such exhaustion, which are required prior to filing a civil lawsuit.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT

**SEPARATE AFFIRMATIVE DEFENSE**

**(Failure to Comply With § 2699.3)**

4.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Plaintiff's COMPLAINT and each purported cause of action seeking redress through Labor Code Section 2699 are barred to the extent that Plaintiff has failed to satisfy the prerequisites specified in Labor Code Section 2699.3.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Jurisdiction)**

5.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that the Superior Court lacks jurisdiction over all of Plaintiff's claims to the extent that this case is within the original jurisdiction of the federal courts based upon diversity jurisdiction, including jurisdiction under the Class Action Fairness Act of 2005.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Venue)**

6.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that the action is filed in an improper venue under Code of Civil Procedure section 395.5, and/or the convenience of the parties mandates transfer to another county.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

7.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff or the putative class members he seeks to represent have failed to take reasonable steps to mitigate his or their alleged damages, and that any right of recovery must be reduced accordingly.

\\\

\\\

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

ANSWER TO UNVERIFIED COMPLAINT

**SEPARATE AFFIRMATIVE DEFENSE**

**(Doctrine of Avoidable Consequences)**

8.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Plaintiff's, and the putative class members' claims are barred, in whole or in part, by the equitable doctrine of avoidable consequences.  To the extent that facts not currently known are revealed pertinent to this defense, Defendant reserves the right to amend this defense to plead and allege such facts.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Waiver)**

9.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's and the putative class members' claims are barred in whole or in part by the equitable doctrine of waiver.  To the extent that facts not currently known are revealed pertinent to this defense, Defendant reserves the right to amend this defense to plead and allege such facts.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Laches)**

10.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal evidence supporting such defense, that Plaintiff's and the putative class members' claims are barred, in whole or in part, by the equitable doctrine of laches.  To the extent that facts not currently known are revealed pertinent to this defense, Defendant reserves the right to amend this defense to plead and allege such facts.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Estoppel)**

11.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's and the putative class

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1   members' claims are barred, in whole or in part, by the equitable doctrine of estoppel.  To the extent

2   that facts not currently known are revealed pertinent to this defense, Defendant reserves the right to

3   amend this defense to plead and allege such facts.

4   ### SEPARATE AFFIRMATIVE DEFENSE

5   ### (Unclean Hands)

6   12.    As a separate and distinct affirmative defense to the COMPLAINT and each

7   purported cause of action therein, Defendant alleges, based upon the belief that further investigation

8   and discovery will reveal facts supporting such defense, that Plaintiff's and the putative class

9   members' claims are barred, in whole or in part, by the equitable doctrine of unclean hands. To the

10   extent that facts not currently known are revealed pertinent to this defense, Defendant reserves the

11   right to amend this defense to plead and allege such facts.

12   ### SEPARATE AFFIRMATIVE DEFENSE

13   ### (Consent)

14   13.    As a separate and distinct affirmative defense, Defendant is informed and believes

15   that further investigation and discovery will reveal, and on that basis alleges, that the COMPLAINT

16   and each cause of action set forth therein, or some of them, are barred in whole or in part by the

17   equitable doctrine of consent.

18   ### SEPARATE AFFIRMATIVE DEFENSE

19   ### (Claims Discharged)

20   14.    As a separate and distinct affirmative defense, Defendant alleges that the

21   COMPLAINT and each cause of action set forth therein, or some of them, are barred because all or a

22   portion of the wages, overtime premiums, interest, attorneys' fees, penalties and/or other relief

23   sought by Plaintiff on his own behalf and/or on behalf of the putative class members were, or will be

24   before the conclusion of this action, paid or collected, and therefore, Plaintiff's claims and/or the

25   claims of the putative class members have been partially or completely discharged.

26   ### SEPARATE AFFIRMATIVE DEFENSE

27   ### (Accord and Satisfaction)

28   15.    As a separate and distinct affirmative defense, Defendant alleges that the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT

1   COMPLAINT and each cause of action set forth therein, or some of them, are barred by the doctrine

2   of accord and satisfaction, to the extent that some, or all, members of the putative class Plaintiff

3   seeks to represent have received, or will receive, compensation for any outstanding wages, penalties,

4   and/or damages purportedly due.

## SEPARATE AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

16.    As a separate and distinct affirmative defense, Defendant alleges that COMPLAINT and each cause of action set forth therein, or some of them, are barred by the doctrine of collateral estoppel insofar as individual putative class members Plaintiff seeks to represent have litigated or will litigate issues raised by the COMPLAINT prior to adjudication of those issues in the instant action.

## SEPARATE AFFIRMATIVE DEFENSE

### (Release)

17.    As a separate and distinct affirmative defense, Defendant alleges that the COMPLAINT and each cause of action set forth therein, or some of them, are barred to the extent that Plaintiff and some, or all, members of the putative class he seeks to represent have released Defendant from any liability as alleged in the COMPLAINT.

## SEPARATE AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

18.    As a separate and distinct affirmative defense, Defendant alleges that the COMPLAINT and each cause of action set forth therein, or some of them, are barred in whole or in part because there is a bona fide dispute as to whether further compensation is actually due and owing to Plaintiff or any member of the putative class that he seeks to represent and, if such compensation is due, as to the amount of such further compensation ostensibly due and owing.

## SEPARATE AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

19.    As a separate and distinct affirmative defense, Defendant alleges, on the belief that further investigation and discovery will disclose facts supporting such an allegation, that evidence

6.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT

1    acquired subsequent to the filing of Plaintiff's COMPLAINT bars and/or limits the amount of

2    damages Plaintiff can recover, assuming arguendo, Defendant is found liable for any asserted claim.

3    To the extent that facts not currently known are revealed pertinent to this defense, Defendant

4    reserves the right to amend this defense to plead and allege such facts.

5    **SEPARATE AFFIRMATIVE DEFENSE**

6    **(No Private Right of Action)**

7    20.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

8    claims pursuant to California Labor Code section 200, *et seq*., are barred, in whole or in part,

9    because there is no private right of action under such sections.

10    **SEPARATE AFFIRMATIVE DEFENSE**

11    **(Defendant's Good Faith/No Willful Failure To Pay)**

12    21.    As a separate and distinct affirmative defense, Defendant alleges that any purported

13    violation of the Labor Code or an order of the Industrial Welfare Commission was an act or

14    omission made in good faith and Defendant had reasonable grounds for believing that the act or

15    omission was not a violation of the Labor Code or any order of the Industrial Welfare Commission

16    and that, accordingly, it has not willfully or intentionally failed to pay additional compensation to

17    Plaintiff and/or the putative class members, and no penalties should be awarded Plaintiff or any

18    putative class members for any violation thereof that may be found to exist.

19    **SEPARATE AFFIRMATIVE DEFENSE**

20    **(Wage Recovery is *De Minimis*)**

21    22.    As a separate and distinct defense, Defendant alleges that some or all of the disputed

22    time for which Plaintiff and/or the putative class members seek to recover wages purportedly owed

23    is not compensable pursuant to the doctrine of *de minimis non curat lex*.

24    **SEPARATE AFFIRMATIVE DEFENSE**

25    **(Wage Orders – Violation of Due Process)**

26    23.    As a separate and distinct defense, Defendant alleges that Plaintiff's COMPLAINT

27    and each cause of action set forth therein, or some of them, are barred because the applicable wage

28    orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1   Defendant's rights under the United States Constitution and the California Constitution as to, among

2   other things, due process of law.

3   ### SEPARATE AFFIRMATIVE DEFENSE

4   ### (Class Action Denies Defendant's Due Process Rights)

5   24.    As a separate and distinct affirmative defense to the COMPLAINT and each

6   purported cause of action therein, Defendant alleges that Plaintiff's COMPLAINT and each

7   purported cause of action therein is barred because the certification of a class, as applied to the facts

8   and circumstances of this case, would constitute a denial of Defendant's due process rights and to a

9   trial by jury, both substantive and procedural, in violation of the Due Process and Equal Protection

10  clauses of the Fourteenth Amendment of the United States Constitution and the Due Process and

11  Equal Protection clauses of Article I, Section 7 of the California Constitution.

12  ### SEPARATE AFFIRMATIVE DEFENSE

13  ### (Due Process - Replicating Penalties)

14  25.    As a separate and distinct affirmative defense, Defendant alleges that, to the extent

15  Plaintiff seeks statutory or other penalties, such claims must comport with the due process

16  requirements of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *People ex. rel.*

17  *Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co*., 54

18  F.R.D. 412 (S.D.N.Y. 1972).

19  ### SEPARATE AFFIRMATIVE DEFENSE

20  ### (Due Process and Equal Protection - Excessive Penalties)

21  26.    As a separate and distinct affirmative defense to the COMPLAINT and each

22  purported cause of action therein, Defendant alleges that Plaintiff's COMPLAINT and each

23  purported cause of action therein is barred to the extent that it seeks the imposition of penalties

24  pursuant to Labor Code section 2699 *et seq*. because the imposition of penalties as applied to the

25  facts and circumstances of this case would constitute a denial of Defendant's due process rights and

26  to a trial by jury, both substantive and procedural, in violation of the Due Process and Equal

27  Protection clauses of the Fourteenth Amendment of the United States Constitution and the Due

28  Process and Equal Protection clauses of Article I, Section 7 of the California Constitution.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**SEPARATE AFFIRMATIVE DEFENSE**

**(PAGA – Eighth Amendment Violation)**

27.    As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Labor Code section 2699, *et seq.* imposes excessive fines in violation of Amendment 8 of the United States Constitution and Article 1, Section 17 of the California State Constitution. *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005).

**SEPARATE AFFIRMATIVE DEFENSE**

**(Statutory Penalties Violate Equal Protection)**

28.    As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Plaintiff's claims for statutory penalties are barred to the extent the provision of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendant's rights to equal protection under the United States and California Constitutions.

**SEPARATE AFFIRMATIVE DEFENSE**

**(PAGA – Plaintiff Lacks Standing To Recover Penalties)**

29.    As a separate and affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Plaintiff lacks standing to assert claims for penalties on behalf of others except to the extent and degree that they are "aggrieved parties," i.e. parties who suffered injury from the same act.  To the extent that Plaintiff seeks to recover on behalf of unnamed and unidentified persons, he has no standing to do so under the PAGA statute.

**SEPARATE AFFIRMATIVE DEFENSE**

**(PAGA – Unconstitutional Violation Of Separation Of Powers)**

30.    As a separate and distinct affirmative defense, Defendant alleges that the COMPLAINT and each cause of action set forth therein are barred because Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.* violates separation of powers by empowering private attorneys to prosecute public claims, thus improperly transferring the

9.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT

1   prosecutorial function with its concomitant necessary discretion to private parties and or the court.

2   **SEPARATE AFFIRMATIVE DEFENSE**

3   **(PAGA – Unjust Enrichment)**

4   31.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the

5   putative class members or other allegedly aggrieved employees are not entitled to recovery of civil

6   penalties under the Labor Code Private Attorneys General Act, Labor Code section 2698, *et seq*., to

7   the extent that such penalties are sought in addition to penalties for the same claims and such

8   duplicative recovery is barred and constitutes unjust enrichment.

9   **SEPARATE AFFIRMATIVE DEFENSE**

10   **(UCL Unconstitutionally Vague)**

11   32.   As a separate and distinct affirmative defense, Defendant asserts that the

12   COMPLAINT and each cause of action set forth therein, or some of them, are barred because

13   Business and Professions Code section 17200, *et seq*., is unconstitutionally vague and overbroad as

14   applied to the facts and circumstances of this case, and Plaintiff's First Amended Complaint is

15   barred because the prosecution of this action by Plaintiff as a representative of persons allegedly

16   similarly situated or of the general public would constitute a denial of Defendant's due process

17   rights, both procedural and substantive, in violation of the Fourteenth Amendment of the United

18   States Constitution and the Constitution and laws of the State of California.  See, e.g., *People ex rel*

19   *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

20   **SEPARATE AFFIRMATIVE DEFENSE**

21   **(Equitable Relief Unavailable)**

22   33.   As a separate and distinct affirmative defense to the COMPLAINT and each

23   purported cause of action therein, Defendant alleges that Plaintiff is not entitled to equitable relief

24   because he has an adequate remedy at law.

25   **SEPARATE AFFIRMATIVE DEFENSE**

26   **(Offset/Set-Off)**

27   34.   As a separate and distinct affirmative defense, Defendant asserts that the

28   COMPLAINT and each cause of action set forth therein, or some of them, are subject to the

10.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT

1    doctrines of set-off, offset and/or recoupment on the part of Defendant.

2                          **SEPARATE AFFIRMATIVE DEFENSE**

3                                  **(Bad Faith)**

4            35.    As a separate and distinct affirmative defense to the COMPLAINT and each

5    purported cause of action therein, Defendant alleges that a reasonable opportunity for investigation

6    and discovery will reveal that Plaintiff's claims are unreasonable and/or were filed in bad faith

7    and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against

8    Plaintiff and his attorneys.

9                          **SEPARATE AFFIRMATIVE DEFENSE**

10                                  **(Standing)**

11           36.    As a separate and distinct affirmative defense to the COMPLAINT and each

12   purported cause of action therein, Defendant alleges that Plaintiff lacks standing to prosecute the

13   action either individually or as a class representative.

14                         **SEPARATE AFFIRMATIVE DEFENSE**

15                **(Failure To State A Claim For Prejudgment Interest)**

16           37.    As a separate and distinct affirmative defense to the COMPLAINT and each

17   purported cause of action therein, Defendant alleges that the COMPLAINT fails to properly state a

18   claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently

19   certain to allow an award of prejudgment interest.

20                         **SEPARATE AFFIRMATIVE DEFENSE**

21                **(Failure To State A Claim For Attorneys' Fees)**

22           38.    As a separate and distinct affirmative defense to the COMPLAINT and each

23   purported cause of action therein, Defendant alleges that the COMPLAINT fails to properly state a

24   claim upon which attorneys' fees may be awarded.

25   \\\

26   \\\

27   \\\

28   \\\

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

      1.      Plaintiff takes nothing by this action;

      2.      The COMPLAINT and each purported cause of action alleged therein be dismissed with prejudice;

      3.      The Court award Defendant its costs of suit and attorneys' fees incurred herein; and

      4.      Defendant be awarded such further relief as the Court deems just and proper.

Dated: April 7, 2017

                                        for

GREGORY G. ISKANDER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
T-MOBILE USA, INC.

Firmwide:146218921.1 066431.1020

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

12.

# Exhibit C

Capstone Law APC
Attn: Banerjee, Arnab
1875 Century Park East
Suite 1000
Los Angeles, CA   90067____

T-Mobile USA, Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Black<br><br>_Plaintiff/Petitioner(s)_<br><br>VS.<br><br><br>T-Mobile USA, Inc.<br>_Defendant/Respondent(s)_<br>(Abbreviated Title) | No. <u>RG17847705</u><br><br>Order<br><br>Complaint - Other Employment |

The Complex Determination Hearing was set for hearing on 03/14/2017 at 03:00 PM in Department 30 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties.  All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA  94612.  Please make check(s) payable to the Clerk of the Superior Court.  Documents may continue to be filed as allowed under Local Rule 1.9.  Note that for those admitted pro hac vice, there is also an annual fee.  (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.   All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined

---

parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated:  03/14/2017

facsimile

_____

Judge Brad Seligman

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG17847705
Order After Hearing Re: of 03/14/2017

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 03/29/2017.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

1  Arnab Banerjee (SBN 252618)
   Arnab.Banerjee@capstonelawyers.com
2  Brandon K. Brouillette (SBN 273156)
   Brandon.Brouillette@capstonelawyers.com
3  Ruhandy Glezakos (SBN 307473)
   Ruhandy.Glezakos@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiff Jesse Black

8  KEITH A. JACOBY, Bar No. 150233
   klilly@littler.com
9  LITTLER MENDELSON, P.C.
   2049 Century Park  East, 5th Floor
10 Los Angeles, CA 90067
   Telephone:    310.553.0308
11 Fax No.:      310.553.5583

12 Attorneys for Defendant
   T-MOBILE USA, INC.
13

14 *(Additional counsel listed on following page)*

**FILED**
ALAMEDA COUNTY

APR 1 9 2017

CLERK OF THE SUPERIOR COURT
By

15         SUPERIOR COURT OF THE STATE OF CALIFORNIA

16              FOR THE COUNTY OF ALAMEDA

17

18 JESSE BLACK, individually, and on behalf     Case No.:  RG17847705
   of other members of the general public
19 similarly situated,                          CLASS ACTION COMPLAINT

20              Plaintiff,                       [Assigned For All Purposes to
                                                  Hon. Winifred Y. Smith – Dept. 21]
21         vs.
                                                **JOINT CASE MANAGEMENT
22 T-MOBILE USA, INC., a Delaware              CONFERENCE STATEMENT**
   corporation; and DOES 1 through 10,
23 inclusive,                                    Date:  May 2, 2017
                                                Time:  9:00 a.m.
24              Defendants.                      Dept.:  21

25                                              Complaint Filed: January 31, 2017

26

27

28

GREGORY G. ISKANDER, Bar No. 200215
NATALIE JANSEN, Bar No. 286401
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
Phone: (925) 932-2468

SOPHIA BEHNIA, Bar No. 289318
sbehnia@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:    415.433.1940
Fax No.:      415.399.8490

Attorneys for Defendant
T-MOBILE USA, INC.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    Plaintiff Jesse Black ("Plaintiff") and Defendant T-Mobile USA, Inc. ("Defendant")

2   (collectively, the "Parties"), by and through their respective counsel of record, submit the

3   following Joint Statement in the above-entitled action for the Initial Complex Case Management

4   Conference Hearing, currently set for May 2, 2017 at 9:00 a.m. in Department 21, located at

5   1221 Oak Street, Oakland, CA 94612.

6    **A. Brief Factual Summary**

7    Plaintiff worked for Defendant as a Field Tech 2, Field Technician, and Sr. Field

8   Technician, monitoring, maintaining and upgrading cellular sites in the Oakland, Alameda and

9   San Leandro, California areas. Defendant hired Plaintiff on October 7, 2008 out of its Concord,

10  California corporate office.  Defendant terminated Plaintiff's employment on December 14,

11  2015.

12    On January 31, 2017, Plaintiff filed a class action alleging Defendant's violation of the

13  following Cal. Lab. Code provisions: (1) §§ 510 and 1198 (unpaid overtime); (2) §§ 1194, 1197,

14  and § 1197.1 (unpaid minimum wages); (3) §§ 226.7 and 512(a) (noncompliant meal breaks);

15  (4) §§ 226.7 and 1198 (noncompliant rest breaks); (5) § 226(a) (non-compliant wage

16  statements); (6) §§ 201 and 202 (untimely payment of wages upon termination); (7) § 1198 and

17  California Code of Regulations Title 8, Section 11040 Subdivisions 5(A) (failure to provide

18  reporting time pay); (8) Violation of California Business & Professions Code §§ 17200, *et seq.*

19  (unlawful business practices); and (9) Violation of California Business & Professions §§ 17200,

20  *et seq.* (unfair business practices).

21    On April 6, 2017, Defendant filed an answer denying Plaintiff's claims.

22    **B. Anticipated Motions**

23    Plaintiff anticipates filing a Motion for Class Certification after Plaintiff has had the

24  opportunity to conduct necessary pre-certification discovery.  Defendant anticipates a motion to

25  deny class certification and a motion for summary judgment.

26    **C. Settlement**

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1       Plaintiff is amenable to participate in private mediation after sufficient discovery has

2   occurred that will allow him to properly value the class claim.  Defendant believes mediation

3   discussions are premature at this time.

4       **D. Discovery**

5       On February 24, 2017, Plaintiff served initial written discovery related to class

6   certification, including Special Interrogatories, Set One, and Requests for Production, Set One.

7   Defendant is in the process of responding to this discovery.  The Parties have begun to meet and

8   confer regarding the contact information of putative class members, and Plaintiff anticipates

9   filing a protective order and issuing a *Belaire-West* notice.

10      On April 12, 2017, Defendant served Requests for Admissions, Set One, and Form

11  Interrogatories, General, Set One.

12      **E. Proposed Schedule**

13      Because the parties are still in the process of conducting initial discovery that will define

14  the scope of the class, the Parties respectfully request that the Court set a further status

15  conference in 120 days to allow the Parties to complete initial discovery, and address a proposed

16  timeline for Plaintiff's anticipated Motion for Class Certification, possible mediation, and trial.

17

18

19  Dated: April 12, 2017                        Respectfully submitted,

20                                               Capstone Law APC

21
                                        By: _____
22                                               Arnab Banerjee
                                                 Brandon K. Brouillette
23                                               Ruhandy Glezakos

24                                               Attorneys for Plaintiff Jesse Black

25

26

27

28

Page 3

Dated: April 12, 2017

Respectfully submitted,

LITTLER MENDELSON, P.C.

By: _____

SOPHIA BEHNIA

Attorneys for T-MOBILE USA, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1875 Century Park East, Suite 1000, Los Angeles, California 90067. My electronic address is matthew.krout@capstonelawyers.com.

On **April 19, 2017**, I served the document(s) described as:
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [ ] to interested parties as follows [or] [✓] as stated on the attached service list:

| Keith A. Jacoby<br>LITTLER MENDELSON, P.C.<br>2049 Century Park East<br>5th Floor<br>Los Angeles, CA 90067.3107 | Gregory G. Iskander<br>Natalie Jansen<br>LITTLER MENDELSON, P.C.<br>Treat Towers<br>1255 Treat Blvd<br>Suite 600<br>Walnut Creek, CA 94597 | Sophia Behnia<br>LITTLER MENDELSON, P.C.<br>333 Bush Street, 34th Floor<br>San Francisco, CA 94104 |
|---|---|---|

*Attorneys for Defendant T-MOBILE USA, INC.*

[✓]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ]   **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[ ]   **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[ ]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **April 19, 2017**, at Los Angeles, California.

Matthew Krout
Type or Print Name

_____
Signature

*14958918*

1   KEITH A. JACOBY, Bar No. 150233
    LITTLER MENDELSON, P.C.
2   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
3   Telephone:   310.553.0308
    Facsimile.:   310.553.5583
4

5   GREGORY G. ISKANDER, Bar No. 200215
    NATALIE JANSEN, Bar No. 286401
6   LITTLER MENDELSON, P.C.
    Treat Towers
    1255 Treat Boulevard
7   Suite 600
    Walnut Creek, CA  94597
8   Telephone:   925.932.2468

9   SOPHIA BEHNIA, Bar No. 289318
    LITTLER MENDELSON, P.C.
10   333 Bush Street, 34th Floor
    San Francisco, California  94104
11   Telephone:   415.433.1940
    Facsimile:   415.399.8490
12

    Attorneys for Defendant
13   T-MOBILE USA, INC.

**F I L E D**
ALAMEDA COUNTY

MAR 2 3 2017

CLERK OF THE SUPERIOR COURT
BY _____
                    Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JESSE BLACK, individually, and on behalf of other members of the general public similarly situated, <br><br>      Plaintiff, <br><br>      v. <br><br> T-MOBILE USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br>      Defendant. | Case No.  RG17847705 <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND RESPONSIVE PLEADING DEADLINE** <br><br> Complaint Filed:  January 31, 2017 |



LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

JOINT STIPULATION TO EXTEND RESPONSIVE PLEADING DEADLINE

1        Defendant T-MOBILE USA, INC. ("Defendant") and Plaintiff JESSE BLACK

2  ("Plaintiff") (collectively "Parties"), by and through their respective counsel, hereby stipulate and

3  request the Court to Order as follows:

4        WHEREAS, on January 31, 2017, Plaintiff filed the instant action;

5        WHEREAS, on February 7, 2017, Defendant was served with the Complaint; and

6        WHEREAS, the Parties have agreed to extend Defendant's responsive pleading

7  deadline to April 6, 2017 due to ongoing discussions regarding a potential transfer of venue to

8  Contra Costa County Superior Court.

9        THEREFORE, it is hereby stipulated and agreed that, pursuant to California Rule of

10 Court 3.110(d), the time within which Defendant may answer, move or otherwise plead to Plaintiff's

11 Complaint in this matter shall be extended to April 6, 2017.

12       IT IS SO STIPULATED.

13

14 Dated: March 22, 2017

15

16

17                               ARNAB BANERJEE
                              BRANDON BROUILLETTE

18                               CAPSTONE LAW APC
                              Attorneys for Plaintiff JESSE BLACK

19 Dated: March **23**, 2017

20

21                               SOPHIA BEHNIA
                              Littler Mendelson, P.C.

22                               Attorneys for Defendant

23                               T-MOBILE USA, INC.

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.

1    IT IS ORDERED that Defendant shall be granted an extension of time up to and including

2   April 6, 2017 to file a responsive pleading in this matter.

3    IT IS SO ORDERED.

4

5

6   Dated: _____        _____

7                                          JUDGE OF THE SUPERIOR COURT

8   Firmwide:146558094.1 066431.1020

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

JOINT STIPULATION TO EXTEND RESPONSIVE PLEADING DEADLINE



1  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON, P.C.
2  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067.3107
3  Telephone:   310.553.0308
   Facsimile.:   310.553.5583
4
   GREGORY G. ISKANDER, Bar No. 200215
5  NATALIE JANSEN, Bar No. 286401
   LITTLER MENDELSON, P.C.
6  Treat Towers
   1255 Treat Boulevard
7  Suite 600
   Walnut Creek, CA 94597
8  Telephone:   925.932.2468
9  SOPHIA BEHNIA, Bar No. 289318
   LITTLER MENDELSON, P.C.
10 333 Bush Street, 34th Floor
   San Francisco, California 94104
11 Telephone:   415.433.1940
   Facsimile:   415.399.8490
12
   Attorneys for Defendant
13 T-MOBILE USA, INC.

14

15                    SUPERIOR COURT OF CALIFORNIA

16                        COUNTY OF ALAMEDA

17 JESSE BLACK, individually, and on        Case No. RG17847705
   behalf of other members of the general
18 public similarly situated,               **JOINT STIPULATION AND [PROPOSED]**
                                            **ORDER TO EXTEND RESPONSIVE**
19                 Plaintiff,               **PLEADING DEADLINE**

20        v.                                Complaint Filed: January 31, 2017

21 T-MOBILE USA, INC., a Delaware
   corporation; and DOES 1 through 10,
22 inclusive,

23                 Defendant.

24

25

26

27

28

FILED
ALAMEDA COUNTY

MAR 2 4 2017

CLERK OF THE SUPERIOR COURT
By_____ Deputy

ORIGINAL COPY

FAXED

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468



JOINT STIPULATION TO EXTEND RESPONSIVE PLEADING DEADLINE

1    Defendant T-MOBILE USA, INC. ("Defendant") and Plaintiff JESSE BLACK

2  ("Plaintiff") (collectively "Parties"), by and through their respective counsel, hereby stipulate and

3  request the Court to Order as follows:

4    WHEREAS, on January 31, 2017, Plaintiff filed the instant action;

5    WHEREAS, on February 7, 2017, Defendant was served with the Complaint; and

6    WHEREAS, the Parties have agreed to extend Defendant's responsive pleading

7  deadline to April 6, 2017 due to ongoing discussions regarding a potential transfer of venue to

8  Contra Costa County Superior Court.

9    THEREFORE, it is hereby stipulated and agreed that, pursuant to California Rule of

10  Court 3.110(d), the time within which Defendant may answer, move or otherwise plead to Plaintiff's

11  Complaint in this matter shall be extended to April 6, 2017.

12    IT IS SO STIPULATED.

13

14  Dated: March 22, 2017

15

16

17  ARNAB BANERJEE
    BRANDON BROUILLETTE

18  CAPSTONE LAW APC
    Attorneys for Plaintiff JESSE BLACK

19  Dated: March 23, 2017

20

21

22  SOPHIA BEHNIA
    Littler Mendelson, P.C.

23  Attorneys for Defendant
    T-MOBILE USA, INC.

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.

JOINT STIPULATION TO EXTEND RESPONSIVE PLEADING DEADLINE

1        IT IS ORDERED that Defendant shall be granted an extension of time up to and including

2    April 6, 2017 to file a responsive pleading in this matter.

3        IT IS SO ORDERED.

4

5

6    Dated: *March 24, 2017*                 *Winifred Y. Smith*

                                  JUDGE OF THE SUPERIOR COURT

7

8    Firmwide:146558094.1 066431.1020

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

JOINT STIPULATION TO EXTEND RESPONSIVE PLEADING DEADLINE

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Black** | **No. RG17847705** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **T-Mobile USA, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    30                          Honorable   Brad Seligman                , Judge

Cause called for: Complex Determination Hearing on March 14, 2017.

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Minutes of    03/14/2017
Entered on    03/14/2017

          Chad Finke  Executive Officer / Clerk of the Superior Court

_____

**Minutes**

M11225841

By _____
                    Deputy Clerk

---

**Minutes**

20070046

1
Arnab Banerjee (SBN 252618)
Arnab.Banerjee@capstonelawyers.com
2
Brandon K. Brouillette (SBN 273156)
Brandon.Brouillette@capstonelawyers.com
3
Ruhandy Glezakos (SBN 307473)
Ruhandy.Glezakos@capstonelawyers.com
4
Capstone Law APC
1875 Century Park East, Suite 1000
5
Los Angeles, California 90067
Telephone:    (310) 556-4811
6
Facsimile:    (310) 943-0396

7
Attorneys for Plaintiff Jesse Black

**F I L E D**
ALAMEDA COUNTY

APR 1 2 2017

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF ALAMEDA

11

| | |
|---|---|
| 12  JESSE BLACK, individually, and on behalf of other members of the general public similarly situated,<br><br>13<br><br>14            Plaintiff,<br><br>15      vs.<br><br>16  T-MOBILE USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>17<br><br>18            Defendants. | Case No.:  RG17847705  **FAX FILE**<br><br>CLASS ACTION COMPLAINT<br><br>[Assigned For All Purposes to<br> Hon. Winifred Y. Smith – Dept. 21]<br><br>**NOTICE OF ASSIGNMENT AND COMPLEX DETERMINATION HEARING ORDER** |

19

20

21

22

23

24

25

26

27

28

1  **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** of the March 16, 2017 Notice of Assignment of Judge for all

3  Purposes.  A true and correct copy of the Notice is attached as Exhibit "A".

4      **ALSO PLEASE TAKE NOTICE** of the March 14, 2017 Order and Minutes of the

5  Complex Determination Hearing.  A true and correct copy of the Order and Minutes are

6  attached as Exhibit "B".

7

8  Dated: April 12, 2017                 Respectfully submitted,

9                                 Capstone Law APC

10

11                By:                                                                                 

12                                Arnab Banerjee
                               Brandon K. Brouillette
                               Ruhandy Glezakos

13                                Attorneys for Plaintiff Jesse Black

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG17847505
Case Title:     Black VS T-Mobile USA, Inc.
Date of Filing: 01/31/2017

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Winifred Y. Smith** |
| **Department:** | **21** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6937** |
| **Fax Number:** | |
| **Email Address:** | **Dept.21@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California, 94501 and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Winifred Y. Smith
DEPARTMENT 21

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Email is the preferred method of communicating with court staff in Department 21, particularly for scheduling of law and motion, ex parte application, and case management events. Telephone communications are possible, but use of email will greatly facilitate a prompt response to your inquiries. When a copy of a document must be transmitted to court staff, an email attachment is preferable to fax. Use of an email attachment or fax, however, is not a substitute for filing of pleadings or other documents. All email communications should be copied to all parties for whom an email address is available, so inclusion of available email addresses in the caption of all filed papers, as required by California Rule of Court 2.111(1) is critical

### Schedule for Department 21

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions

- Trials generally are held: Trial call is Monday at 9:00 am. Trials run Mondays through Thursdays at 9:00 am/9:30 am to 4:30 pm; expect to be in the courtroom from 9 to 5. Cases may "trail" a trial in progress.

- Case Management Conferences are held: Initial CMC's on Mondays and Tuesdays at 8:30 a.m; Continued CMC's on Mondays and Tuesdays at 8:45 a.m. Timely filed and complete CMC statements allow the court to post tentative CMC orders.

- Law and Motion matters are heard: Fridays at 10:00 am, 11:00 am, and *2:00 pm. *Only Asbestos matters are set at 2:00 pm.

- Settlement Conferences are heard: As specially set.

- Ex Parte matters are heard: The court prefers to resolve ex parte applications on the papers only. Before submitting an ex parte application on the papers, (a) email Dept. 21 to advise when papers will be filed, and (b) provide CRC 3.1203(a) notice to all parties.

- (ExParte Cont'd) Any written opposition must be filed within 24 hours of receipt of notice. If a matter is time sensitive, opposition is expected, and/or personal appearances are otherwise warranted, the parties may request a time for appearance via email to Dept. 21, copied to all parties. Such appearances, when permitted, will normally be specially set, and compliance with CRC 3.1203(a) will be strictly enforced. All other matters are specially set. Always check the website the day before the hearing for developments on your case. See link to above "List of documents" for more information on the department.

- Pretrial Conferences are held: Fridays at 9:00 a.m. The hearings are scheduled on a Continued Case Management Conference.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:          Dept.21@alameda.courts.ca.gov

  When requesting to reserve a hearing, include the case name & number, title of the motion and identity of the moving party. The court may set a CMC on shortened time before allowing a discovery motion to be filed.

- Ex Parte Matters
  Email:          Dept.21@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 21

- Phone:  1-866-223-2244

Dated:  03/16/201.

_facsimile_

_____

Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as attached hereto, and the n by sealing and placing them for collection, stamping or metering with prepaid postage, a d mailing on the date stated below, in the United States mail at Alameda County, Califor iia, following standard court practices.

Executed on 03/16/2017

By _____

Deputy Clerk

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Black \ S T-Mobile USA, Inc. | RG17847705 |

## ADDITIONAL ADDRESSEES

Capstone Law APC
Attn: Banerjee, Arnab
1875 Century Park Eas
Suite 1000
Los Angeles, CA   900 i7____

# EXHIBIT B

Capstone Law APC                              T-Mobile USA, Inc.
Attn: Banerjee, Arnab
1875 Century Park East
Suite 1000
Los Angeles, CA   90067

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Black | | No. RG17847705 |
|---|---|---|
| | Plaintiff/Petitioner(s) | Order |
| VS. | | Complaint - Other Employment |
| T-Mobile USA, Inc. | | |
| | Defendant/Respondent(s) | |
| (Abbreviated Title) | | |

The Complex Determination Hearing was set for hearing on 03/14/2017 at 03:00 PM in Department 30 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties.  All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612.  Please make check(s) payable to the Clerk of the Superior Court.  Documents may continue to be filed as allowed under Local Rule 1.9.  Note that for those admitted pro hac vice, there is also an annual fee.  (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.  All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined

parties defendant not listed on th : proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defe dants and to file proof of service.

Dated:  03/14/2017

_____
Judge Brad Seligman

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG17847705
Order After Hearing Re: of 03/14/2017

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 03/29/2017.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Black** | **No. RG17847705** |
| Plaintiff/Petitioner(s) | |
| VS. | **Minutes** |
| **T-Mobile USA, Inc.** | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

Department   30                          Honorable   Brad Seligman          , Judge

Cause called for: Complex Determination Hearing on March 14, 2017.

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Minutes of      03/14/2017
Entered on      03/14/2017

Chad Finke  Executive Officer / Clerk of the Superior Court

---

**Minutes**

M11225841

By _____

_____
                    Deputy Clerk

M11225841

1          **PROOF OF SERVICE**

2      **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
           I am employed in the State of California, County of Los Angeles.  I am over the age of
3   18 and not a party to the within suit; my business address is 1875 Century Park East, Suite 1000,
    Los Angeles, California 90067. My electronic address is matthew.krout@capstonelawyers.com.

4
           On **April 12, 2017**, I served the document(s) described as:
5   **NOTICE OF ASSIGNMENT AND INITIAL CASE MANAGEMENT ORDER** on the
    interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [ ] to
6   interested parties as follows [or] [✓] as stated on the attached service list:

7

| Keith A. Jacoby<br>LITTLER MENDELSON, P.C.<br>2049 Century Park East<br>5th Floor<br>Los Angeles, CA 90067.3107 | Gregory G. Iskander<br>Natalie Jansen<br>LITTLER MENDELSON, P.C.<br>Treat Towers<br>1255 Treat Blvd<br>Suite 600<br>Walnut Creek, CA 94597 | Sophia Behnia<br>LITTLER MENDELSON, P.C.<br>333 Bush Street, 34th Floor<br>San Francisco, CA 94104 |
|---|---|---|
| | *Attorneys for Defendant T-MOBILE USA, INC.* | |

12   [✓]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s)
13         for mailing in the ordinary course of business at Los Angeles, California.  I am "readily
           familiar" with this firm's practice of collection and processing correspondence for
14         mailing.  Under that practice, sealed envelopes are deposited with the U.S. Postal
           Service that same day in the ordinary course of business with postage thereon fully
15         prepaid at Los Angeles, California.

16   [ ]   **BY E-MAIL:** I hereby certify that this document was served from Los Angeles,
           California, by e-mail delivery on the parties listed herein at their most recent known e-
17         mail address or e-mail of record in this action.

18   [ ]   **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope,
           by hand to the offices of the addressee(s) named herein.

19   [ ]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of
20         collection and processing correspondence for overnight delivery.  Under that practice,
           overnight packages are enclosed in a sealed envelope with a packing slip attached
21         thereto fully prepaid.  The packages are picked up by the carrier at our offices or
           delivered by our office to a designated collection site.

22         I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.

23
           Executed this April 12, 2017, at Los Angeles, California.
24
    _____          _____
25   Matthew Krout                               Signature
     Type or Print Name
26

27

28

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG17847705
Case Title:     Black VS T-Mobile USA, Inc.
Date of Filing: 01/31/2017

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Winifred Y. Smith** |
| **Department:** | **21** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6937** |
| **Fax Number:** | |
| **Email Address:** | **Dept.21@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California, 94501 and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Winifred Y. Smith
DEPARTMENT 21

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's Web site also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Email is the preferred method of communicating with court staff in Department 21, particularly for scheduling of law and motion, ex parte application, and case management events. Telephone communications are possible, but use of email will greatly facilitate a prompt response to your inquiries. When a copy of a document must be transmitted to court staff, an email attachment is preferable to fax. Use of an email attachment or fax, however, is not a substitute for filing of pleadings or other documents. All email communications should be copied to all parties for whom an email address is available, so inclusion of available email addresses in the caption of all filed papers, as required by California Rule of Court 2.111(1) is critical.

## Schedule for Department 21

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Trial call is Monday at 9:00 am.  Trials run Mondays through Thursdays at 9:00 am/9:30 am to 4:30 pm; expect to be in the courtroom from 9 to 5.  Cases may "trail" a trial in progress.

- Case Management Conferences are held:  Initial CMC's on Mondays and Tuesdays at 8:30 a.m; Continued CMC's on Mondays and Tuesdays at 8:45 a.m. Timely filed and complete CMC statements allow the court to post tentative CMC orders.

- Law and Motion matters are heard:  Fridays at 10:00 am, 11:00 am, and *2:00 pm. *Only Asbestos matters are set at 2:00 pm.

- Settlement Conferences are heard:  As specially set.

- Ex Parte matters are heard:  The court prefers to resolve ex parte applications on the papers only. Before submitting an ex parte application on the papers, (a) email Dept. 21 to advise when papers will be filed, and (b) provide CRC 3.1203(a) notice to all parties.

- (ExParte Cont'd) Any written opposition must be filed within 24 hours of receipt of notice. If a matter is time sensitive, opposition is expected, and/or personal appearances are otherwise warranted, the parties may request a time for appearance via email to Dept. 21, copied to all parties. Such appearances, when permitted, will normally be specially set, and compliance with CRC 3.1203(a) will be strictly enforced. All other matters are specially set. Always check the website the day before the hearing for developments on your case. See link to above "List of documents" for more information on the department.

- Pretrial Conferences are held: Fridays at 9:00 a.m. The hearings are scheduled on a Continued Case Management Conference.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
      Email:          Dept.21@alameda.courts.ca.gov

  When requesting to reserve a hearing, include the case name & number, title of the motion and identity of the moving party. The court may set a CMC on shortened time before allowing a discovery motion to be filed.

- Ex Parte Matters
      Email:          Dept.21@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 21

- Phone:  1-866-223-2244

Dated:  03/16/2017

_____
Presiding Judge,
Superior Court of California, County of Alameda

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as attached hereto and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/16/2017

By   _____
Deputy Clerk

| SHORT TITLE: Black VS T-Mobile USA, Inc. | CASE NUMBER: RG17847705 |
| --- | --- |

ADDITIONAL ADDRESSEES

Capstone Law APC
Attn:  Banerjee, Arnab
1875 Century Park East
Suite 1000
Los Angeles, CA    90067____

20070045

Arnab Banerjee (SBN 252618)
Arnab.Banerjee@capstonelawyers.com
Brandon K. Brouillette (SBN 273156)
Brandon.Brouillette@capstonelawyers.com
Ruhandy Glezakos (SBN 307473)
Ruhandy.Glezakos@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff Jesse Black

**F I L E D**
ALAMEDA COUNTY

APR 1 2 2017

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

**FAX FILE**

| | |
|---|---|
| JESSE BLACK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: RG17847705<br><br>CLASS ACTION COMPLAINT<br><br>[Assigned For All Purposes to Hon. Winifred Y. Smith – Dept. 21]<br><br>**PLAINTIFF'S NOTICE OF POSTING JURY FEES** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE THAT** Plaintiff Jesse Black hereby posts jury fees in the amount of $150.00 in accordance with California Code of Civil Procedure section 631(b).

Dated: April 12, 201_

          Respectfully submitted,

          Capstone Law APC

    By: _____
          Arnab Banerjee
          Brandon K. Brouillette
          Ruhandy Glezakos

          Attorneys for Plaintiff Jesse Black

NOTICE OF POSTING JURY FEES

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1875 Century Park East, Suite 1000, Los Angeles, California 90067. My electronic address is matthew.krout@capstonelawyers.com.

4

5

On **April 12, 2017**, I served the document(s) described as:

**PLAINTIFF'S NOTICE OF POSTING JURY FEES**

on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof

6

[ ] to interested parties as follows [or] [✓] as stated on the attached service list:

7

8

| Keith A. Jacoby LITTLER MENDELSON, P.C. 2049 Century Park East 5th Floor Los Angeles, CA 90067-3107 | Gregory G. Iskander Natalie Jansen LITTLER MENDELSON, P.C. Treat Towers 1255 Treat Blvd Suite 600 Walnut Creek, CA 94597 | Sophia Behnia LITTLER MENDELSON, P.C. 333 Bush Street, 34th Floor San Francisco, CA 94104 |
|---|---|---|

9

10

11

*Attorneys for Defendant T-MOBILE USA, INC.*

12

[✓]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

13

14

15

16

[ ]   **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

17

18

[ ]   **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

19

[ ]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

20

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

Executed this April 12, 2017, at Los Angeles, California.

24

Matthew Krout _____

Type or Print Name                                     Signature

25

26

27

28

Page 1

20067826

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME Keith A. Jacoby, SBN 150233; Gregory G. Isakander, SBN 200215 | |

FIRM NAME: Littler Mendelson, P.C.
STREET ADDRESS: 2049 Century Park East, 5th Floor
CITY: Los Angeles   STATE: CA   ZIP CODE: 90067
TELEPHONE NO.: 310.553.0308   FAX NO.: 310.553.5583
E-MAIL ADDRESS: kjacoby@littler.com; giskander@littler.com
ATTORNEY FOR (name): T-Mobile USA, Inc.

**FILED**
**ALAMEDA COUNTY**

APR 0 6 2017

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

Plaintiff/Petitioner: Jesse Black

Defendant/Respondent: T-Mobile USA, Inc., et al.

CASE NUMBER:
RG17847705

JUDICIAL OFFICER:

DEPARTMENT:

**PROOF OF SERVICE—CIVIL**

Check method of service (only one):

| ☐ By Personal Service | ☒ By Mail | ☐ By Overnight Delivery |
|---|---|---|
| ☐ By Messenger Service | ☐ By Fax | |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age and not a party to this action.

2. My residence or business address is:
   Littler Mendelson, P.C., 333 Bush Street, 34th Floor, San Francisco, CA 94104

3. ☐ The fax number from which I served the documents is (complete if service was by fax): 925.946.9809

4. On (date): April 6, 2017        I served the following documents (specify):

   Answer to Unverified Complaint

   ☐ The documents are listed in the Attachment to Proof of Service–Civil (Documents Served) (form POS-040(D)).

5. I served the documents on the person or persons below, as follows:
   a. Name of person served: Arnab Banerjee / Brandon Brouillette / Ruhandy Gleazakos, Capstone Law APC

   b. ☒ (Complete if service was by personal service, mail, overnight delivery, or messenger service.)
   Business or residential address where person was served:
   1875 Century Park East, Suite 1000, Los Angeles, CA 90067; (P) 310.556.4811 / (F) 310.943.0396

   c. ☐ (Complete if service was by fax.)
   Fax number where person was served: 310.943.0396

   ☐ The names, addresses, and other applicable information about persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

6. The documents were served by the following means (specify):
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. February 1, 2017]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rule 2.306
www.courts.ca.gov



American LegalNet, Inc.
www.FormsWorkFlow.com

**POS-040**

| CASE NAME:<br>JESSE BLACK v. T-MOBILE USA, INC. | CASE NUMBER:<br>RG17847705 |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):* MAIL

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* WALNUT CREEK, CA

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 6, 2017

Joanna Venegas
_____
(TYPE OR PRINT NAME OF DECLARANT)

► _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

► _____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.<br>www.FormsWorkFlow.com 

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Arnab Banerjee | SBN: 252618<br>CAPSTONE LAW APC<br>1875 Century Park East - Suite 1000  Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 556-4811 | FAX NO. (310) 943-0396 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: | **FILED**<br>**ALAMEDA COUNTY**<br><br>FEB 1 4 2017<br><br>CLERK OF THE SUPERIOR<br>By _Debra Tutorelo_<br>Deputy |

| ALAMEDA SUPERIOR COURT | |
|---|---|
| STREET ADDRESS: 1225 FALLON STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: OAKLAND, CA 94612<br>BRANCH NAME: NORTHERN DIVISION | |

| PLAINTIFF/PETITIONER: JESSE BLACK, et al.<br>DEFENDANT/RESPONDENT: T-MOBILE USA, INC., et al. | CASE NUMBER:<br>RG17847705 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: Black v T-Mobile |

**FILE BY FAX**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Notice of Hearing

3. a. Party served *(specify name of party as shown on documents served):*
      **T-MOBILE USA, INC., a Delaware corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **FANNY XIONG  - c/o CSC LAWYERS INCORPORATING SERVICE (Registered Agent)**

4. Address where the party was served: **2710 GATEWAY OAKS DRIVE - SUITE 150N**
   **SACRAMENTO, CA 95833**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 2/7/2017   (2) at *(time):* 3:20 PM

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*                      or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10<br>**POS010-1/5490978**

ORIGINAL

| PLAINTIFF/PETITIONER: JESSE BLACK, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: T-MOBILE USA, INC., et al. | RG17847705 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*  (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **T-MOBILE USA, INC., a Delaware corporation**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
a. Name: **Doug Williams - ProLegal Reg#: 2013036880**
b. Address: P.O. Box 54846  Los Angeles, CA 90054
c. Telephone number: **(888) 722-6878**
d. The fee for service was: **$ 217.25**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
(i) ☐ owner  ☐ employee  ☑ independent contractor.
(ii) Registration No.: 2005-05
(iii) County: Sacramento

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **2/8/2017**

ProLegal Reg#: 2013036880
P.O. Box 54846
Los Angeles, CA 90054
(888) 722-6878
http://www.prolegalnetwork.com

**Doug Williams**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)  (SIGNATURE)

20067827

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY:       STATE BAR NO: | FOR COURT USE ONLY |
|---|---|

NAME: Keith A. Jacoby, SBN 150233; Gregory G. Isakander, SBN 200215
FIRM NAME: Littler Mendelson, P.C.
STREET ADDRESS: 2049 Century Park East, 5th Floor
CITY: Los Angeles          STATE: CA    ZIP CODE: 90067
TELEPHONE NO.: 310.553.0308          FAX NO.: 310.553.5583
E-MAIL ADDRESS: kjacoby@littler.com;  giskander@littler.com
ATTORNEY FOR (name): T-Mobile USA, Inc.

**FILED**
ALAMEDA COUNTY
APR 0 6 2017
CLERK OF THE SUPERIOR COURT
By _____
JANIE THOMAS, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

Plaintiff/Petitioner: Jesse Black

Defendant/Respondent: T-Mobile USA, Inc., et al.

| PROOF OF SERVICE—CIVIL | CASE NUMBER: |
|---|---|
| | RG17847705 |
| | JUDICIAL OFFICER: |
| | DEPARTMENT: |

**Check method of service** *(only one):*

☐ By Personal Service    ☒ By Mail         ☐ By Overnight Delivery
☐ By Messenger Service   ☐ By Fax

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**

2. My residence or business address is:
   Littler Mendelson, P.C., 333 Bush Street, 34th Floor, San Francisco, CA 94104

3. ☐ The fax number from which I served the documents is *(complete if service was by fax):* 925.946.9809

4. On *(date):* April 4, 2017          I served the following **documents** *(specify):*

   Court's Order on Joint Stipulation to Extend Responsive Pleading Deadline

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Arnab Banerjee / Brandon Brouillette / Ruhandy Gleazakos, Capstone Law APC
   b. ☒  *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      1875 Century Park East, Suite 1000, Los Angeles, CA 90067; (P) 310.556.4811 / (F) 310.943.0396

   c. ☐  *(Complete if service was by fax.)*
      Fax number where person was served: 310.943.0396

      ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. ☐  **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. February 1, 2017] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rule 2.306<br>www.courts.ca.gov |
|---|---|---|


American LegalNet, Inc.
www.FormsWorkFlow.com

**POS-040**

| CASE NAME: | CASE NUMBER: |
|---|---|
| JESSE BLACK v. T-MOBILE USA, INC. | RG17847705 |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):* MAIL

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* WALNUT CREEK, CA

  c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 4, 2017

Joanna Venegas
_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

► 

_____
(NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

POS-040 [Rev. February 1, 2017]

Page 2 of 3


American LegalNet, Inc.
www.FormsWorkFlow.com

1

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

2       I am employed in San Francisco County, California.  I am over the age of eighteen

3   years and not a party to the within-entitled action.  My business address is 333 Bush Street, 34th

4   Floor, San Francisco, California  94104.  On July 21, 2017, I deposited with FedEx, a true and

5   correct copy of the within documents:

6       **CIVIL COVER SHEET**

7       **DEFENDANT'S NOTICE TO FEDERAL COURT OF
        REMOVAL OF CIVIL ACTION FROM STATE COURT
8       PURSUANT TO 28 U.S.C. SECTION 1332(D)(2) [CAFA]**

        **DECLARATION OF SOPHIA BEHNIA IN SUPPORT OF
9       DEFENDANT'S NOTICE TO FEDERAL COURT OF
        REMOVAL OF CIVIL ACTION FROM STATE COURT
10      PURSUANT TO 28 U.S.C. SECTION 1332(D)(2)(CAFA)**

11      **DECLARATION OF LATISHA MOSS IN SUPPORT OF
        DEFENDANT'S NOTICE TO FEDERAL COURT OF
12      REMOVAL OF CIVIL ACTION FROM STATE COURT
        PURSUANT TO 28 U.S.C. SECTION 1332(D)(2)(CAFA)**

13      **DEFENDANT'S CORPORATE DISCLOSURE STATEMENT**

14
    in a sealed envelope, addressed as follows:
15

16      Arnab Banerjee                    *Attorneys for Plaintiff*
        Brandon Brouillette
17      Ruhandy Gleazakos
        CAPSTONE LAW APC
18      1875 Century Park East, Suite 1000
        Los Angeles, CA 90067;
19

20      Following ordinary business practices, the envelope was sealed and placed for

21  collection by FedEx on this date, and would, in the ordinary course of business, be retrieved by

    FedEx for overnight delivery on this date.
22

23      I declare under penalty of perjury under the laws of the United States of America and

    the State of California that the above is true and correct.  Executed on July 21, 2017, at San
24
    Francisco, California.
25

26

27                                                        _____
                                                                BARBARA PALOMO
28  Firmwide:148959817.1 066431.1020

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

CASE NO.:                                                          PROOF OF SERVICE